1  **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
3  msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118
5
**GRECH, PACKER, & HANKS**
6  Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7  7095 Indiana Ave Ste 200
Riverside, CA 92506
8  Phone: (951) 682-9311

9  *Attorneys for Plaintiff* JOHN DOBBINS

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  | | |
JOHN DOBBINS; individually and as | Case No.:
14  successor in interest to JENNIFER
DOBBINS, Decedent, | **COMPLAINT FOR DAMAGES**
15  | 1.  42 U.S.C. §1983 Fourth Amendment – Unreasonable Seizure; Detention/Arrest
Plaintiff,
16  | 2.  42 U.S.C. §1983 Fourth Amendment – Excessive Force
v.
17  | 3.  42 U.S.C. §1983 Fourth Amendment – Denial of Medical Care
18  COUNTY OF RIVERSIDE; JOHN
BARTO; and DOES 1-10, inclusive, | 4.  42 U.S.C. §1983 Fourteenth Amendment – Denial of Familial Relationship
19
Defendants.
20  | 5.  42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)
21  | 6.  42 U.S.C. § 1983 (Municipal Liability – Failure to Train)
22  | 7.  42 U.S.C. § 1983 (Municipal Liability – Ratification)
23  | 8.  False Arrest/False Imprisonment
24  | 9.  Battery (Survival/Wrongful Death)
25  | 10. Negligence (Survival/Wrongful Death)
26  | 11. Violation of Cal. Civil Code §52.1
27  | **DEMAND FOR JURY TRIAL**
28

---

1

COMPLAINT FOR DAMAGES

1

## COMPLAINT FOR DAMAGES

2       COMES NOW, Plaintiff JOHN DOBBINS; individually and as successor in

3   interest to JENNIFER DOBBINS, Decedent, for his Complaint against

4   Defendants COUNTY OF RIVERSIDE; JOHN BARTO; and DOES 1-10,

5   inclusive and hereby alleges as follows:

6

7

## JURISDICTION AND VENUE

8       1.      The Court has jurisdiction over Plaintiff's claims pursuant to 28

9   U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising

10  under the laws of the United States including 42 U.S.C. § 1983 and the

11  Fourth Amendment of the United States Constitution.

12      2.      Venue in this judicial district is proper pursuant to 28 U.S.C.

13  §1391(b), because all incidents, events, and occurrences giving rise to this

14  action occurred within this district.

15

16

## INTRODUCTION

17      3.      This civil rights and state tort action seeks compensatory and

18  punitive damages from Defendants for violating various rights under the

19  United States Constitution and state law in connection with the shooting of

20  Decedent, JENNIFER DOBBINS ("DOBBINS"), on June 11, 2024. The

21  Defendants are liable under state law pursuant to Gov't Code §§815.2(a) and

22  820(a), and Cal. Civil Code §52.1. The Defendants are liable under the

23  Constitution of the United States pursuant to the Fourth and Fourteenth

24  Amendments brought under 42 U.S.C. §1983.

25      4.      Defendant Deputy JOHN BARTO ("BARTO") caused Plaintiff's

26  and Decedent DOBBINS' injuries when he used excessive and unreasonable

27  force, including deadly force, and killed Decedent DOBBINS.

28

5.      Defendants DOES 1-7, inclusive ("Deputy DOES") caused Plaintiff's and Decedent DOBBINS' various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

6.      Defendants DOES 8-10, inclusive ("DOE SUPERVISORS") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants DOE SUPERVISORS were supervisors of each and every individually named and unnamed involved officer and/or deputy. Defendants DOE SUPERVISORS are liable for leading and instructing subordinates regarding their actions and omissions, tactics, and use of force during the incident.

7.      Defendants COUNTY OF RIVERSIDE ("COUNTY") and DOES 8-10, inclusive, are vicariously liable for the actions and inactions of Defendants BARTO and DOES 1-10, inclusive.

8.      Defendants COUNTY and DOES 8-10 also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Defendants DOES 8-10 were and are the final policymaker for Defendant COUNTY, with final policymaking authority, who reviewed and ratified the constitutional violations of Defendants BARTO and DOES 1-7, inclusive.

9.      This action is in the public interest as Plaintiff seeks by means of this civil rights action to hold accountable those responsible for the shooting of Decedent by Defendant BARTO while acting under the color of state law and within the course and scope of his employment with the COUNTY OF RIVERSIDE Sheriff's Department.

/ / /

2

COMPLAINT FOR DAMAGES

**THE PARTIES**

10.    At all relevant times, Decedent, JENNIFER DOBBINS ("DOBBINS"), was an individual residing in the County of Riverside, California.

11.    At all relevant times, Plaintiff JOHN DOBBINS was and is the natural father of DOBBINS. Plaintiff brings this action both in his individual capacity for wrongful death damages as the father of DOBBINS and in a representative capacity as DOBBINS' successor-in-interest pursuant to California Code of Civil Procedure §377.60. Plaintiff seeks both survival and wrongful death damages under federal and state law.

12.    At all relevant times, Defendant COUNTY is a political subdivision of the State of California that is within this judicial district. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department ("RCSD") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of the RCSD and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant COUNTY was the employer of Defendants BARTO, Deputy DOES, and DOE SUPERVISORS.

13.    At all relevant times, Defendant Deputy JOHN BARTO ("BARTO") was a duly appointed RCSD official and/or employee or agent of COUNTY and RCSD, subject to the oversight and supervision of COUNTY and RCSD'S elected and non-elected officials. At all relevant times, Defendant BARTO acted under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and RCSD and under the color of the statutes and

3

regulations of the State of California. At all relevant times, BARTO acted within the course and scope of his employment as a COUNTY and RCSD Deputy. On information and belief, Defendant BARTO is and was at all relevant times a resident of this judicial district.

14.    At all relevant times, Defendants DOES 1-7, inclusive ("Deputy DOES"), were officers working for COUNTY and RCSD. Defendant Deputy DOES were acting under the color of law and within the course and scope of their duties as officers for the COUNTY and RCSD. Defendant Deputy DOES were acting with complete authority and ratification of their principal, Defendant COUNTY.

15.    Defendants DOES 8-10, inclusive ("Supervisor DOES"), are managerial, supervisorial, or policymaking employees of the COUNTY and RCSD who were acting under color of law within the course and scope of their duties as officers for the COUNTY and RCSD. Defendants Supervisor DOES were acting with complete authority and ratification of their principal, Defendant COUNTY and RCSD.

16.    On information and belief, Defendants DOES 1-10, inclusive, were residents of this judicial district.

17.    In doing the acts and failing and omitting to act as hereinafter described, Defendants Deputy DOES were acting on the implied and actual permission and consent of Defendants COUNTY and Supervisors DOES.

18.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10, inclusive, were acting on the implied and actual permission and consent of the COUNTY and RCSD.

19.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and

4

capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

20.   At all times mentioned herein, Defendant BARTO and each and every Defendant DOE 1-10 was the agent of each and every other Defendant DOE 1-10 and Defendant BARTO and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant DOE 1-10 and Defendant BARTO.

21.   All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all the acts complained of herein.

22.   All Defendants who are natural persons, including Defendant BARTO and DOES 1-10, inclusive, are sued individually and/or in his/her capacity as officers, deputies, investigators, sergeants, captains, commanders, supervisors, and/ or civilian employees, agents, policy makers, and representatives of the COUNTY and RCSD.

23.   Decedent suffered serious bodily injury and death as a direct and proximate result of the actions and inactions of Defendants BARTO and DOES 1-10, inclusive. Defendants BARTO and DOES 1-10, inclusive are directly liable for Decedent's injuries under federal law pursuant to 42 U.S.C. §1983 and state law. Defendant COUNTY is vicariously liable for the actions and inactions of Defendants BARTO and DOES 1-10, inclusive.

24.   Plaintiff suffered the loss of his daughter as a direct and proximate result of the actions and inactions of Defendants BARTO and DOES 1-10, inclusive. Defendants BARTO and DOES 1-10, inclusive, are

1    directly liable for Plaintiff's loss, injuries, and damages under federal and
2    state law.
3        25.    Plaintiff timely served their claims for damages with the
4    COUNTY pursuant to applicable sections of the California Government
5    Code, on December 6, 2024.
6        26.    Plaintiff's claims were denied by COUNTY by written notice of
7    rejection of claims on December 11, 2024.
8
9            **FACTS COMMON TO ALL CLAIMS FOR RELIEF**
10        27.    Plaintiff repeats and re-alleges each and every allegation of
11    paragraphs 1 through 26, inclusive, as if fully set forth herein.
12        28.    On Tuesday, June 11, 2024, at approximately 1:10 a.m.,
13    Decedent was with a man near a parking lot at or around the 1000 block of
14    West Sixth Street, City of Corona, County of Riverside, California 92882. At
15    this time, Defendant RCSD Deputy BARTO was driving by in his patrol
16    vehicle and saw the two individuals.
17        29.    Upon information and belief, at the time of the initial encounter,
18    Defendant BARTO was not responding to a call for service, was not
19    responding to a serious or violent crime, and had no information that there
20    was a crime in progress related to Decedent.
21        30.    Upon information and belief, Defendant BARTO had never seen
22    the two individuals, including Decedent, before, and had no information
23    about their history.
24        31.    Upon information and belief, Defendant BARTO stopped his
25    vehicle and approached the two individuals. At the time, Defendant BARTO
26    did not have probable cause to arrest either of the two individuals and did
27    not have reasonable suspicion to stop either of the two individuals. Instead,
28    Defendant BARTO was attempting to stop the individuals for a consensual

encounter of which either of the two individuals were free to walk or run away from Defendant BARTO as they pleased.

32.    Upon information and belief, the male subject began to run. Seeing the male subject begin to run, Decedent feared for her wellbeing and not wanted to be alone, followed the male subject.

33.    Defendant BARTO had no information that any person was hurt or about to be harmed by the subjects. Defendant BARTO had no information that either of the subjects had ever harmed any person. Defendant BARTO had no information that either of the subjects had committed a crime or was about to commit a crime.

34.    Upon information and belief, Defendant BARTO still did not have probable cause to arrest the subjects and did not even have reasonable suspicion to stop the subjects. Nevertheless, Defendant BARTO escalated the situation causing panic and fear in the subjects as he chased down the subjects on foot.

35.    At or around 1665 W Sixth Street, the subjects attempted to hide from the aggressing Defendant BARTO behind the building.

36.    Upon information and belief, upon catching up to the subjects, Defendant BARTO wrestled the male to the ground, mounted on top of the male subject, and held him down. Defendant BARTO then continued to escalate the situation by apparently attempting to harm the male subject.

37.    Seeing Defendant BARTO's aggressive behavior included attempting to choke the male subject, Decedent attempted to de-escalate the situation and stop Defendant BARTO from killing and/or further harming the male subject, who was defenseless and trapped under the superior Defendant BARTO.

38.    Upon information and belief, at this time, Defendant BARTO knew or should have known that the two subjects were emotionally disturbed

based on their demeanor, conduct, behavior, and speech. Nevertheless, instead of calling and waiting for backup and additional resources, Defendant BARTO, continued to engage with the male subject, unreasonably escalating and failing to use appropriate tactics.

39.    Defendant BARTO did not clearly and adequately give Decedent any command or instructions.

40.    Defendant BARTO failed to give adequate commands to the male subject and failed to give the subjects an opportunity to comply with commands prior to his use of excessive and unreasonable force.

41.    Defendant BARTO failed to give Decedent a verbal warning that deadly force would be used prior to the use of deadly force and failed to give Decedent an opportunity to heed any warning prior to his use of excessive and unreasonable force, despite it being feasible to do so.

42.    Defendant BARTO had several less-lethal weapons and less-intrusive alternatives to the use of deadly force on his person and available to him yet failed to exhaust those alternatives or even attempt to use those reasonable alternatives.

43.    Defendant BARTO then escalated the situation by attacking the subjects, who were emotionally disturbed, and by failing to employ appropriate tactics in compliance with basic officer training.

44.    Defendant BARTO then used excessive and unreasonable force by shooting Decedent with his firearm. Upon information and belief, the two individuals, including Decedent, were visibly unarmed throughout the entire encounter.

45.    The use of force against Decedent was excessive and objectively unreasonable under the circumstances, especially because Decedent was emotionally disturbed and did not attempt to flee, and Defendant BARTO had the opportunity to use time, space, and cover but failed to do so. Upon

information and belief, Decedent did not verbally threaten to harm Defendant BARTO, was not armed with a firearm or weapon of any kind, and did not pose an immediate threat of death or serious bodily injury to anyone at any time immediately prior to or during the use of force. Decedent was a small-framed unarmed woman.

46.    Further, Defendant BARTO discharged his firearm with a purpose to harm and a specific intent to violate Decedent's constitutional rights, evidenced by his deliberate indifference and reckless disregard for Decedent's constitutional rights.

47.    As a direct and proximate result of Defendant BARTO'S use of excessive and unreasonable force, Decedent suffered multiple gunshot wounds, suffered serious bodily injury, including pain and suffering, disfigurement, loss of life, loss of opportunity of life, and loss of enjoyment of life.

48.    Plaintiff brings this action as successor-in-interest to Decedent DOBBINS as defined in Section 377.11 of the California Code of Civil Procedure as the natural father of Decedent.

49.    As a direct and proximate result of the wrongful death of Decedent, Plaintiff has suffered the loss of Decedent's love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services.

## **FIRST CLAIM FOR RELIEF**

### **Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiff against Defendants BARTO and Deputy DOES)

50.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.    Defendants BARTO and Deputy DOES acted under the color of law and within the course and scope of their employment as RCSD deputies for Defendant COUNTY.

52.    Defendants detained Decedent without reasonable suspicion and arrested her without probable cause.

53.    When Defendants used force against Decedent, pointed firearms at Decedent, and shot Decedent, they violated Decedent's right to be secure in her person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Further, the scope and manner of the detention was unreasonable.

54.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

55.    As a result of their misconduct, Defendants are liable for Decedent's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

56.    Plaintiff brings this claim as successor-in-interest to Decedent and seeks survival damages for the violation of Decedent's rights. Plaintiff also seeks reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Excessive Force (42 U.S.C. §1983)

(Plaintiff against Defendants BARTO and Deputy DOES)

57.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as

10

if fully set forth herein.

58.    Plaintiff brings this claim for relief in his capacity as the successor in interest of Decedent under California Code of Civil Procedure §377.30. This claim for relief arose in Decedent's favor, and Decedent would have been the plaintiff with respect to this cause of action had she lived.

59.    Defendants BARTO and Deputy DOES acted within the course and scope of their employment as officials and/or agents for the Defendant COUNTY and acted under color of state law.

60.    The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

61.    Defendants BARTO and Deputy DOES failed to employ tactics to de-escalate the situation, failed to give Decedent the time and space to understand the presence of law enforcement, failed to give Decedent proper commands and the time to comply with those commands, failed to give Decedent the opportunity to cooperate with law enforcement instructions, and failed to give Decedent a verbal warning prior to the use of deadly force even though it was feasible to do so.

62.    Defendant BARTO used excessive force against Decedent when Defendant BARTO shot Decedent several times, causing Decedent's death. Defendant BARTO'S unjustified use of force deprived Decedent of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States and applied to state actors by the Fourteenth Amendment.

63.    As a result of the foregoing, Decedent suffered great physical and mental injury, fear, pain, and emotional distress up to the time of her death, disfigurement, loss of enjoyment of life, loss of opportunity of life, loss of life, and loss of earning capacity.

COMPLAINT FOR DAMAGES

64.    The conduct of Defendants BARTO and Deputy DOES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants BARTO and Deputy DOES.

65.    The use of force was excessive and unreasonable, especially because Decedent posed no immediate threat of death or serious bodily injury at the time of Defendant BARTO'S use of force or at any time immediately prior to Defendant BARTO'S use of force. Decedent was not attempting to evade or resist by flight and no warning was given prior to the use of deadly force. Defendant BARTO was not responding to a serious or violent crime, and there were several less intrusive alternatives available to Defendant BARTO. Further, Defendant BARTO'S use of force violated his training and standard police officer training.

66.    As a result of their misconduct, Defendants BARTO and Deputy DOES are liable for Decedent's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

67.    Plaintiff seeks survival damages on behalf of Decedent DOBBINS, including but not limited to pre-death pain and suffering, loss of life, loss of opportunity of life, and loss of enjoyment of life, under this claim. Plaintiff also seeks attorneys' fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(Plaintiff against Defendants BARTO and Deputy DOES)

68.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69.    Defendants BARTO and Deputy DOES acted under the color of law and within the course and scope of their employment as RCSD deputies for Defendant COUNTY.

70.    The denial of medical care by Defendants BARTO and Deputy DOES deprived Decedent of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

71.    Defendants failed to provide and call for timely medical care for Decedent after they used excessive and unreasonable force, including deadly force against Decedent.

72.    As a result of the foregoing, Decedent suffered great physical pain and emotional distress up to the time of her death, loss of enjoyment of life, and loss of life.

73.    Defendants knew that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent great bodily harm and death.

74.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants BARTO and Deputy DOES.

75.    As a result of their misconduct, Defendants are liable for Decedent's injuries, either because they were integral participants in the wrongful detention, force, and denial of medical care, or because they failed to intervene to prevent these violations.

COMPLAINT FOR DAMAGES

76.    Plaintiff brings this claim as successor-in-interest to Decedent and seeks survival damages for the violation of Decedent's rights. Plaintiff also seeks reasonable attorneys' fees and costs.

## **FOURTH CLAIM FOR RELIEF**

**Fourteenth Amendment – Denial of Familial Relationship (42 U.S.C. §1983)**

(Plaintiff against Defendants BARTO and Deputy DOES)

77.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 76, inclusive, as if fully set forth herein.

78.    Defendants BARTO and Deputy DOES acted within the course and scope of their employment as police officers for the Defendant COUNTY and acted under color of state law.

79.    Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his daughter, Decedent.

80.    Decedent had a cognizable interest under the Due Process Clause of Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

81.    The aforementioned actions of Defendants BARTO and Deputy DOES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

82.    As a direct and proximate result of these actions, Decedent

14

experienced pain and suffering and eventually died. Defendants BARTO and Deputy DOES thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with Decedent.

83. As a direct and proximate cause of the acts of Defendants, Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of his natural life.

84. As a result of their misconduct, Defendants are liable to Plaintiff, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

85. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

86. Plaintiff brings this claim individually and seeks individual wrongful-death damages for the violation of his rights. Plaintiff also seeks attorney's fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(Plaintiff against Defendants COUNTY and Supervisor DOES)

87. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 86, inclusive, as if fully set forth herein.

88. Defendants BARTO, and DOES 1-10, inclusive, acted under color of state law.

89. Defendants BARTO and Deputy DOES acted pursuant to an expressly adopted fiscal policy or longstanding practice or custom of the Defendant COUNTY and Supervisor DOES.

90. On information and belief, Defendants BARTO and Deputy DOES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with deprivation of Plaintiff or Decedent's rights.

91. Defendants COUNTY and Supervisor DOES together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose an immediate risk of death or serious bodily injury to others;

(b) Knowingly allowing an officer to inflict serious bodily injury on a person who is not assaultive and who is not an immediate threat of death or serious bodily injury;

(c) Providing inadequate training regarding the use of force, including deadly force;

(d) Providing inadequate training regarding de-escalation;

(e) Employing and retaining as police officers, individuals such as Defendants BARTO and Deputy DOES who Defendants COUNTY and Supervisor DOES at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(f) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including Defendants BARTO and Deputy DOES who COUNTY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits;

COMPLAINT FOR DAMAGES

(g)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by deputies of the COUNTY;

(h)    Failing to adequately discipline COUNTY deputies for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

92.    By reason of the aforementioned acts and omissions, Decedent has endured substantial pain and suffering.

93.    Defendants COUNTY and Supervisor DOES together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent and other individuals similarly situated.

94.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY and Supervisor DOES acted with intentional, reckless, and callous disregard for

17

the Decedent's and Plaintiff's Constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants COUNTY and DOES 8-10, inclusive, were affirmatively linked to and were a significantly influential force behind Decedent's and Plaintiff's injuries.

95.    The acts of each of Defendants Supervisor DOES were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to Supervisor DOES.

96.    Based on information and belief, the following are only a few examples of cases evidencing Defendant COUNTY'S unconstitutional policies, where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the County of Riverside routinely ratifies such behavior and maintains a practice of allowing such behavior:

(a)    In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603 JGB (DTBx), Defendant COUNTY failed to discipline its deputy who attacked a man with his K-9 and shot used deadly force against him while he was not an immediate threat of death or serious bodily injury to anyone;

(b)    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700 VAP (OPx), Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), Defendant COUNTY failed to discipline its deputy

1   who used deadly force on a man who was not an immediate threat of death

2   or serious bodily injury to anyone;

3          (d)    In *Bosch v. County of Riverside*, case number EDCV 13-02352

4   (SVW)(FFM), Defendant COUNTY failed to discipline its deputy who

5   used deadly force on an unarmed man who was not an immediate threat of

6   death or serious bodily injury to anyone;

7          (e)    In *Castillo v. County of Riverside*, case number EDCV 13-

8   00789 VAP (SPx), Defendant COUNTY failed to discipline its deputy who

9   used deadly force on a man who was not an immediate threat of death or

10  serious bodily injury to anyone;

11         (f)    In *Munoz v. County of Riverside*, case number RIC120794,

12  plaintiff argued that the involved COUNTY Sheriff's deputy used deadly

13  force against her son at a time when he posed no immediate threat.  The

14  jury in that case returned a verdict in favor of plaintiff;

15         (g)    In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-

16  1767, Defendant COUNTY failed to discipline its deputy who used deadly

17  force on an unarmed man who was not an immediate threat of death or

18  serious bodily injury to anyone;

19         (h)    In *Galvan v. County of Riverside, et al.*, case number 5:21-cv-

20  00384 JGB (SHKx), Defendant COUNTY failed to discipline its deputy

21  who entered plaintiff's room while plaintiff was sleeping and immediately

22  escalated the situation by commanding a canine to attack plaintiff, including

23  being bit in the neck, a use of deadly force under the circumstances, while

24  plaintiff was not an immediate risk of harm to anyone;

25         (i)    In *Arocha v. County of Riverside, et al.*, case number 5:18-cv-

26  01585 DMG (SHKx), Defendant COUNTY failed to discipline its deputy

27  who viciously punched plaintiff in the face resulting in loss of

28

consciousness and a broken orbital bone, a use of deadly force under the circumstances, while plaintiff was not an immediate risk of harm to anyone;

(j)    In *Cortina v. County of Riverside, et al.*, case number 5:18-cv-01579 DDP (SPx), Defendant COUNTY failed to discipline its deputy who used force including deadly force, including deployment of a chemical agent, on an unarmed man who was not an immediate threat of harm to anyone;

(k)    In *Aguirre, et al. v. County of Riverside, et al.*, case number 5:18-cv-00762 DMG (SPx), Defendant COUNTY failed to discipline its deputy who used excessive force against the decedent who was not an immediate threat of death or serious bodily injury, arguing that the force was reasonable even after a unanimous jury returned a verdict in favor of plaintiffs;

(l)    In *Orellana v. County of Riverside, et al.*, case number 5:19-cv-01263 JGB (SHKx), Defendant COUNTY failed to discipline its deputies who used excessive force including deadly force against an unarmed man who was not an immediate threat of harm to anyone.

97.    By reason of the aforementioned acts and omissions, Decedent suffered pre-death pain and suffering, loss of enjoyment of life, and loss of life, and Plaintiff suffered the life-long loss of his daughter.

98.    Accordingly, Defendants COUNTY and Supervisor DOES each are liable for compensatory damages under 42 U.S.C. § 1983.

99.    Plaintiff also seeks attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability for Failure to Train (42 U.S.C. §1983)**

(Plaintiff against Defendants COUNTY and Supervisor DOES)

COMPLAINT FOR DAMAGES

100.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101.  Defendants BARTO and DOES 1-10, inclusive, acted under color of law.

102.  The acts of Defendants BARTO and DOES 1-10, inclusive, deprived Plaintiff and Decedent of their particular rights under the United States Constitution.

103.  On information and belief, Defendant COUNTY failed to properly and adequately train Defendants BARTO and DOES 1-10, inclusive, including but not limited to, with regard to the use of physical force, less than lethal force, and lethal force..

104.  The training policies of Defendant COUNTY were not adequate to train their officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and the use of less than lethal and lethal force.

105.  Moreover, the training policies of Defendant COUNTY were not adequate to train their officers to handle the usual and recurring situations with which they must deal, including stopping persons on the street and using force on persons.

106.  The training that COUNTY Sheriff's deputies, including Defendants BARTO and DOES 1-10, should have received with regards to the use of deployment of force against an unarmed woman includes training that officers should not employ force on an unarmed nonthreatening subject who posed no threat of harm to officers or anyone else.

107.  Defendants COUNTY and Supervisor DOES were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

108.  The failure of Defendants COUNTY and Supervisor DOES to provide adequate training caused the deprivation of Plaintiff and Decedent's rights by Defendants BARTO and Supervisor DOES; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff and Decedent's rights as to be the moving force that caused the ultimate injury.

109.  The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicate that the County of Riverside failed to adequately train its deputies with regard to the use of force:

(a)    In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603 JGB (DTBx), Defendant COUNTY failed to discipline its deputy who attacked a man with his K-9 and shot used deadly force against him while he was not an immediate threat of death or serious bodily injury to anyone;

(b)    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700 VAP (OPx), Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(d)    In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), Defendant COUNTY failed to discipline its deputy who

COMPLAINT FOR DAMAGES

1    used deadly force on an unarmed man who was not an immediate threat of

2    death or serious bodily injury to anyone;

3          (e)    In *Castillo v. County of Riverside*, case number EDCV 13-

4    00789 VAP (SPx), Defendant COUNTY failed to discipline its deputy who

5    used deadly force on a man who was not an immediate threat of death or

6    serious bodily injury to anyone;

7          (f)    In *Munoz v. County of Riverside*, case number RIC120794,

8    plaintiff argued that the involved COUNTY Sheriff's deputy used deadly

9    force against her son at a time when he posed no immediate threat.  The

10   jury in that case returned a verdict in favor of plaintiff;

11         (g)    In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-

12   1767, Defendant COUNTY failed to discipline its deputy who used deadly

13   force on an unarmed man who was not an immediate threat of death or

14   serious bodily injury to anyone;

15         (h)    In *Galvan v. County of Riverside, et al.*, case number 5:21-cv-

16   00384 JGB (SHKx), Defendant COUNTY failed to discipline its deputy

17   who entered plaintiff's room while plaintiff was sleeping and immediately

18   escalated the situation by commanding a canine to attack plaintiff, including

19   being bit in the neck, a use of deadly force under the circumstances, while

20   plaintiff was not an immediate risk of harm to anyone;

21         (i)    In *Arocha v. County of Riverside, et al.*, case number 5:18-cv-

22   01585 DMG (SHKx), Defendant COUNTY failed to discipline its deputy

23   who viciously punched plaintiff in the face resulting in loss of

24   consciousness and a broken orbital bone, a use of deadly force under the

25   circumstances, while plaintiff was not an immediate risk of harm to anyone;

26         (j)    In *Cortina v. County of Riverside, et al.*, case number 5:18-cv-

27   01579 DDP (SPx), Defendant COUNTY failed to discipline its deputy who

28   used force including deadly force, including deployment of a chemical

agent, on an unarmed man who was not an immediate threat of harm to anyone;

(k)    In *Aguirre, et al. v. County of Riverside, et al.*, case number 5:18-cv-00762 DMG (SPx), Defendant COUNTY failed to discipline its deputy who used excessive force against the decedent who was not an immediate threat of death or serious bodily injury, arguing that the force was reasonable even after a unanimous jury returned a verdict in favor of plaintiffs;

(l)    In *Orellana v. County of Riverside, et al.*, case number 5:19-cv-01263 JGB (SHKx), Defendant COUNTY failed to discipline its deputies who used excessive force including deadly force against an unarmed man who was not an immediate threat of harm to anyone.

110.  By reason of the aforementioned acts and omissions, Decedent suffered pre-death pain and suffering, loss of enjoyment of life, and loss of life, and Plaintiff suffered the life-long loss of his daughter.

111.  Accordingly, Defendants COUNTY and Supervisor DOES are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

112.  Plaintiff also seeks attorneys' fees and costs of suit.

## SEVENTH CLAIM FOR RELIEF
### Municipal Liability – Ratification (42 U.S.C. § 1983)
(Plaintiff against Defendants COUNTY and Supervisor DOES)

113.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 112 of this Complaint with the same force and effect as if fully set forth herein.

114.  Defendants BARTO and Deputy DOES acted under color of law.

115. The acts of Defendants BARTO and Deputy DOES deprived Plaintiff and Decedent of their particular rights under the United States Constitution.

116. Upon information and belief, a final policymaker, acting under the color of law, has a history of ratifying unreasonable uses of force, including deadly force.

117. Upon information and belief, a final policymaker, acting under color of law, had final policymaking authority concerning the acts of Defendants BARTO and Deputy DOES and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants BARTO and Deputy DOES acts.

118. On information and belief, COUNTY final policymakers, including Supervisor DOES, knew or should have known that Decedent never presented an immediate risk of death of serious bodily harm to any officer or anyone else at the time of the use of excessive force.

119. On information and belief, the official policies with respect to the incident are that officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the officers or others, or if the individual has inflicted death or serious bodily injury against someone or threatened to do so, the officers may use deadly force to prevent the individual's escape. The deputies' actions deviated from these official policies because Decedent did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone.

120. On information and belief, the COUNTY approved of the deputies' actions after materials were presented by the officials to Supervisor DOES, after which the Supervisor DOES found the deputies' actions to be within the official policies of RCSD. On information and belief, the basis for such approval was based on the deputies' self-serving statements that they

COMPLAINT FOR DAMAGES

feared Decedent presented a threat of harm to themselves or others, despite the evidence to the contrary, including evidence that Decedent never presented an immediate risk of death or serious bodily harm to the deputies or others.

121. Upon information and belief, a final policymaker has determined that the acts of Defendants BARTO and Deputy DOES were "within policy."

122. The following are only a few examples of cases where the involved deputies were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicate that the County of Riverside routinely ratifies such behavior:

(a)    In *A.F., et al. v. County of Riverside, et al.*, case number 5:15-cv-01603 JGB (DTBx), Defendant COUNTY failed to discipline its deputy who attacked a man with his K-9 and shot used deadly force against him while he was not an immediate threat of death or serious bodily injury to anyone;

(b)    In *Howard v. County of Riverside, et al.*, case number 5:12-cv-00700 VAP (OPx), Defendant COUNTY argued that the use of deadly force against an unarmed individual was reasonable; a federal jury found otherwise and returned a verdict in favor of plaintiff, an unarmed man who suffered a severe brain injury and partial paralysis after a use of force by a COUNTY sheriff's deputy;

(c)    In *Travillion v. County of Riverside*, case number EDCV 14-0003 VAP (DTBx), Defendant COUNTY failed to discipline its deputy who used deadly force on a man who was not an immediate threat of death or serious bodily injury to anyone;

(d)    In *Bosch v. County of Riverside*, case number EDCV 13-02352 (SVW)(FFM), Defendant COUNTY failed to discipline its deputy who

used deadly force on an unarmed man who was not an immediate threat of
death or serious bodily injury to anyone;

(e)    In *Castillo v. County of Riverside*, case number EDCV 13-
00789 VAP (SPx), Defendant COUNTY failed to discipline its deputy who
used deadly force on a man who was not an immediate threat of death or
serious bodily injury to anyone;

(f)    In *Munoz v. County of Riverside*, case number RIC120794,
plaintiff argued that the involved COUNTY Sheriff's deputy used deadly
force against her son at a time when he posed no immediate threat.  The
jury in that case returned a verdict in favor of plaintiff;

(g)    In *L.R., et al. v. County of Riverside, et al.,* case number 15-cv-
1767, Defendant COUNTY failed to discipline its deputy who used deadly
force on an unarmed man who was not an immediate threat of death or
serious bodily injury to anyone;

(h)    In *Galvan v. County of Riverside, et al.*, case number 5:21-cv-
00384 JGB (SHKx), Defendant COUNTY failed to discipline its deputy
who entered plaintiff's room while plaintiff was sleeping and immediately
escalated the situation by commanding a canine to attack plaintiff, including
being bit in the neck, a use of deadly force under the circumstances, while
plaintiff was not an immediate risk of harm to anyone;

(i)    In *Arocha v. County of Riverside, et al.*, case number 5:18-cv-
01585 DMG (SHKx), Defendant COUNTY failed to discipline its deputy
who viciously punched plaintiff in the face resulting in loss of
consciousness and a broken orbital bone, a use of deadly force under the
circumstances, while plaintiff was not an immediate risk of harm to anyone;

(j)    In *Cortina v. County of Riverside, et al.*, case number 5:18-cv-
01579 DDP (SPx), Defendant COUNTY failed to discipline its deputy who
used force including deadly force, including deployment of a chemical

COMPLAINT FOR DAMAGES

agent, on an unarmed man who was not an immediate threat of harm to anyone;

(k)    In *Aguirre, et al. v. County of Riverside, et al.*, case number 5:18-cv-00762 DMG (SPx), Defendant COUNTY failed to discipline its deputy who used excessive force against the decedent who was not an immediate threat of death or serious bodily injury, arguing that the force was reasonable even after a unanimous jury returned a verdict in favor of plaintiffs;

(l)    In *Orellana v. County of Riverside, et al.*, case number 5:19-cv-01263 JGB (SHKx), Defendant COUNTY failed to discipline its deputies who used excessive force including deadly force against an unarmed man who was not an immediate threat of harm to anyone.

123.    By reason of the aforementioned acts and omissions, Decedent suffered pre-death pain and suffering, loss of enjoyment of life, and loss of life, and Plaintiff suffered the life-long loss of his daughter.

124.    Accordingly, Defendants COUNTY and Supervisor DOES are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

125.    Plaintiff also seeks attorneys' fees and costs of suit.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Plaintiff against Defendants BARTO and Deputy DOES directly, and Defendant COUNTY vicariously)

126.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 125 of this Complaint with the same force and effect as if fully set forth herein.

127.    Defendants BARTO and Deputy DOES, while working as officers for the RCSD and acting within the course and scope of their duties, intentionally

28

deprived Decedent of her freedom of movement by use of force, threats of force, and unreasonable duress. Defendants detained Decedent without reasonable suspicion and arrested her without probable cause.

128. Decedent did not knowingly or voluntarily consent.

129. Defendants detained Decedent for an appreciable amount of time.

130. The conduct of Defendants was a substantial factor in causing the harm to Decedent.

131. Defendant COUNTY is vicariously liable for the wrongful acts of Defendants BARTO and Deputy DOES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

132. The conduct of Defendants BARTO and Deputy DOES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiff to an award of exemplary and punitive damages.

133. As a result of their misconduct, Defendants BARTO and Deputy DOES are liable for Decedent's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

134. Plaintiff brings this claim as successor-in-interest to Decedent and seeks wrongful damages under this claim.

## NINTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code §820 and California Common Law)

(Plaintiff against Defendants BARTO and Deputy DOES directly, and Defendant COUNTY vicariously)

135. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 134, inclusive, as if fully set forth herein.

29

136.  Defendants BARTO and Deputy DOES acted within the course and scope of their employment as Sheriff's deputies for the Defendant COUNTY and acted under the color of state law.

137.  Defendant BARTO intentionally shot Decedent. As a result of the actions of Defendant BARTO, Decedent was seriously injured and died. Defendant BARTO had no legal justification for using force, including deadly force, against Decedent, and Defendant BARTO'S use of force while carrying out his duties as an officer was unreasonable under the circumstances.

138.  At all relevant times, Decedent was not an immediate threat of death or serious bodily injury to anyone, including Defendant BARTO, no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to Defendant BARTO. Defendants' use of deadly force is analyzed under the totality of the circumstances, including the conduct of the Defendant BARTO prior to his use of deadly force as alleged herein. Officers, including Defendant BARTO, must use reasonable tactics, give appropriate commands, give a deadly force warning when feasible as here, and may not use any force unless necessary, instead must use less than lethal options when feasible, and only using deadly force as a last resort, when there is an imminent threat of death or serious bodily injury, meaning that the individual has the apparent ability, opportunity, and apparent intent to immediately cause death or serious bodily injury and not a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm.

139.  Defendant COUNTY is vicariously liable for the wrongful acts of Defendants BARTO and DOES 1-10, inclusive, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the

1  employment is the employees' acts would subject them to liability.

2      140.   The conduct of Defendants BARTO and DOES 1-10, inclusive,

3  was malicious, wanton, oppressive, and accomplished with a conscious

4  disregard for the rights of Decedent, entitling Plaintiff to an award of

5  exemplary and punitive damages against Defendants BARTO and DOES 1-

6  10.

7      141.   Plaintiff seeks survival, wrongful death, and punitive damages

8  under this claim.

9

10              **TENTH CLAIM FOR RELIEF**

11    **Negligence (Cal. Govt. Code §820 and California Common Law)**

12    (Plaintiff against Defendants BARTO and DOES 1-10, inclusive directly, and

13                 Defendant COUNTY vicariously)

14      142.   Plaintiff repeats and re-alleges each and every allegation of

15  paragraphs 1 through 141, inclusive, as if fully set forth herein.

16      143.   Defendants BARTO and DOES 1-10, inclusive, acted within the

17  course and scope of their employment as Sheriff's deputies for the Defendant

18  COUNTY and acted under color of state law.

19      144.   Peace officers, including Defendants BARTO and DOES 1-10,

20  inclusive, have a duty to use reasonable care to prevent harm and injury to

21  others. This duty includes using appropriate tactics, giving appropriate

22  commands, giving appropriate warnings, use of de-escalation techniques, and

23  not using any force unless necessary, using the least amount of force

24  necessary, and only using deadly force as a last resort, when there is an

25  imminent threat of death or serious bodily injury, meaning that the individual

26  has the apparent ability, opportunity, and apparent intent to immediately

27  cause death or serious bodily injury and not a fear of future harm, no matter

28  how great the fear and no matter how great the likelihood of the harm, and

providing timely medical care for a person that Defendants BARTO and DOES 1-10, inclusive, intentionally harmed. These duties also include the responsibility of Defendants BARTO and DOES 1-10, inclusive, to follow their training and policies, and the responsibility of Defendants Supervisor DOES to ensure Defendants BARTO and Deputy DOES are properly trained and equipped to perform their duties in accordance with the department policies and properly investigate and report on their use of force incidents.

145.   Defendants BARTO and DOES 1-10, inclusive, breached their duty of care. Upon information and belief, the actions and inactions of Defendants BARTO and DOES 1-10, inclusive were negligent and reckless, including but not limited to: the failure to properly and adequately assess the need to use force against Decedent; and the negligent tactics and handling of the situation with Decedent, including pre-shooting negligence and failure to utilize de-escalation techniques, and by causing irreparable harm to Decedent and Plaintiff, including physical pain and suffering, terror, mental anguish, humiliation, degradation and the loss of a child.

146.   Defendants' indifference was callous and cruel, constituting malice as defined in California Civil Code § 3294. Plaintiff should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish defendants, in an amount according to proof.

147.   As a direct and proximate result of Defendants BARTO and DOES 1-10, inclusive, conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe past and future mental and physical pain and suffering, loss of enjoyment of life, and loss of life.

148.   At all relevant times, Decedent was not an immediate threat of death or serious bodily injury to anyone, no warning was given that deadly force was going to be used prior to the use of deadly force, and less than

1    lethal alternatives were available to Defendants BARTO and Deputy DOES.

2    149.   Defendant COUNTY is vicariously liable for the wrongful acts

3    of Defendants BARTO and DOES 1-10, inclusive, pursuant to section

4    815.2(a) of the California Government Code, which provides that a public

5    entity is liable for the injuries caused by its employees within the scope of

6    the employment if the employees' act would subject him or her to liability.

7    150.   The conduct of Defendants BARTO and DOES 1-10, inclusive

8    was malicious, wanton, oppressive, and accomplished with a conscious

9    disregard for the rights of Decedent, entitling Plaintiff to an award of

10   exemplary and punitive damages against Defendants BARTO and DOES 1-

11   10.

12   151.   Plaintiff seeks survival, wrongful death, and punitive damages

13   under this claim.

14

15   **ELEVENTH CLAIM FOR RELIEF**

16   **Violation of Cal. Civ. Code §52.1**

17   (Plaintiff against Defendants BARTO and DOES 1-10, inclusive directly, and

18   Defendant COUNTY vicariously)

19   152.   Plaintiff repeats and re-alleges each and every allegation in

20   paragraphs 1 through 151 of this Complaint with the same force and effect as

21   if fully set forth herein.

22   153.   Defendants BARTO and DOES 1-10, inclusive, acted within the

23   course and scope of their employment as police officers for the Defendant

24   COUNTY and acted under color of state law.

25   154.   The Bane Act, the California Constitution and California

26   common law prohibit the use of excessive force by law enforcement. The

27   California Civil Code, Section 52.1(b) authorizes a private right of action

28   and permits survival actions for such claims. "[A] successful claim for

excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

155.   On information and belief, Defendants BARTO and DOES 1-10, inclusive, while working for the COUNTY and acting within the course and scope of their duties, violated the Bane Act including by unreasonable seizing Decedent, using excessive force against Decedent without justification or excuse, and by denying her necessary medical care, in reckless disregard for Decedent's Fourth Amendment rights evidencing his specific intent to deprive Decedent of those rights. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1045 (9th Cir. 2018).

156.   On information and belief, when Defendant BARTO unnecessarily shot Decedent, it was done intentionally, and it interfered with her personal constitutional rights, was threatening, intimidating, and forceful. In doing so, Defendant BARTO acted with reckless disregard for Decedent and Plaintiff's constitutional rights.

157.   Defendants successfully interfered with the above civil rights of Decedent and Plaintiff by Defendants' wrongful and reckless acts and omissions.

158.   Decedent was caused to suffer severe pre-death pain and suffering, loss of enjoyment of life and loss of life. The conduct of Defendants was a substantial factor in causing the harm, losses, injuries, and damages of Decedent.

COMPLAINT FOR DAMAGES

159.  Defendant COUNTY is vicariously liable for the wrongful acts of Defendants BARTO and DOES 1-10, inclusive under California law and the doctrine of *respondeat superior*.

160.  Defendant COUNTY is vicariously liable for the wrongful acts of Defendants BARTO and DOES 1-10, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

161.  The conduct of the individual Defendants BARTO and DOES 1-10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and Decedent in that Plaintiff's and Decedent's constitutional rights were intentionally deprived and violated, and/or there was reckless disregard for constitutional rights of Plaintiff and Decedent. As such, the aforementioned conduct entitles Plaintiff and Decedent to an award of exemplary and punitive damages against Defendants BARTO and DOES 1-10.

162.  Plaintiff also seeks survival damages, costs and attorneys' fees under this claim. Cal. Civ. Proc. Code § 377.34(b).

/ / /

COMPLAINT FOR DAMAGES

1  **PRAYER FOR RELIEF**

2  WHEREFORE, Plaintiff JOHN DOBBINS; individually and as successor in

3  interest to JENNIFER DOBBINS, Decedent, for his Complaint against

4  Defendants COUNTY OF RIVERSIDE; JOHN BARTO; and DOES 1-10,

5  inclusive, as follows:

6  1.    For compensatory damages according to proof at trial, including both

7  survival damages, individual damages, and wrongful death damages under federal

8  and state law.

9  2.    For funeral and burial expenses, loss of financial support, loss of gifts

10  and benefits, and loss of household services.

11  3.    For punitive and exemplary damages against the individual

12  defendants in an amount to be proven at trial.

13  4.    For statutory damages.

14  5.    For reasonable attorneys' fees including litigation expenses.

15  6.    For costs of suit and interest incurred herein.

16  7.    For such other and further relief as the Court may deem just, proper,

17  and appropriate.

18

19  DATED: June 10, 2025         **LAW OFFICES OF DALE K. GALIPO**

20                              **GRECH, PACKER, & HANKS**

21                              By:  _/s/    Marcel F. Sincich_

22                              Dale K. Galipo, Esq.
                                Trenton C. Packer, Esq.
23                              Marcel F. Sincich, Esq.
                                *Attorneys for Plaintiff*
24

25

26

27

28

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby submits this demand that this action be tried in front of a jury.

DATED: June 10, 2025

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _/s/_    _Marcel F. Sincich_
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*

37
COMPLAINT FOR DAMAGES