Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE
and JOHN BARTO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOBBINS; individually and as successor in interest to JENNIFER DOBBINS, Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; JOHN BARTO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01444-JGB-DTB<br><br>**DEFENDANTS' ANSWER TO COMPLAINT, AND DEMAND FOR JURY TRIAL**<br><br>Judge:  Jesus G. Bernal |

COME NOW Defendants COUNTY OF RIVERSIDE and JOHN BARTO, (hereinafter "Defendants"), answering Plaintiff's Complaint for themselves and for no other parties, admit, deny, and allege as follows:

### INTRODUCTION AND GENERAL ALLEGATIONS

1.      In answering Paragraph 1 and 2 of the Complaint, Defendants admit that this Court has jurisdiction over Plaintiff's claims and venue is proper. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

2.      In answering paragraphs 3, 4, 5, 6, 7, 8, 9, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26,  28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' ANSWER TO COMPLAINT,
AND DEMAND FOR JURY TRIAL

47, 48, 49, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 75, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 127, 128, 129, 130, 131, 132, 133, 134, 136, 137, 128, 139, 140, 141, 143, 144, 145, 146, 147, 148, 149, 150, 151, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162 and the prayer for relief of the Complaint, this answering Defendant denies any and all allegations of the respective paragraphs.  To the extent any statement of law is made therein, this answering Defendant asserts the law speaks for itself.

3.    In answering Paragraphs 10, 11, 14, 15, 16, Defendants lack sufficient information to respond to the allegations of the paragraphs and therefore deny any and all allegations. To the extent any statement of law is made therein, these answering Defendants assert the law speaks for itself.

4.    In answering paragraph 12 of the Complaint, Defendants admit that the County of Riverside is a municipal entity organized and existing under the laws of the State of California.  Defendants deny all remaining allegations.

5.    In answering paragraph 13 of the Complaint, Defendants admit that the Deputy John Barto was a Riverside County Sheriff's Department employee at all relevant times.  Defendants deny all remaining allegations.

6.    In answering paragraphs 27, 50, 57, 68, 77, 87, 100, 113, 126, 135, 142, 152,  of the Complaint, these answering Defendants hereby incorporate their admissions and denials to the Complaint.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

7.    The Complaint fails to state a claim upon which relief can be granted. The Complaint also fails to state a claim for relief against the Defendants.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' ANSWER AT COMPLAINT,
AND DEMAND FOR JURY TRIAL

## SECOND AFFIRMATIVE DEFENSE

8.     Defendants deny that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

9.     At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulations, within the bounds of reason under the circumstances, and with the good faith belief that its actions comported with all applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

10.     Plaintiff suffered no actual injuries, damages, or losses due to Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

11.     Defendants deny that it violated Decedent's Fourth Amendment rights, or any other federal, constitutional, or other rights.

## SIXTH AFFIRMATIVE DEFENSE

12.     To the extent that any force was used against Decedent, the force used was privileged and reasonable as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

13.     Decedent's own conduct estops Plaintiff from claiming the damages alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

14.     At all relevant times, each Defendant acted independently and not in association or concert with or as agent or servant of any other Defendant, including any sued herein under fictitious names, or of the employees or agents of other Defendants.

## NINTH  AFFIRMATIVE DEFENSE

15.     To the extent that Plaintiff has alleged a supplemental state law cause

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' ANSWER TO COMPLAINT,
AND DEMAND FOR JURY TRIAL

of action, he has failed to submit timely Government Claims, as required by the California Tort Claims Act of 1963, which is codified as California Government Code § 810-998.3, which bars this Court from hearing those claims.

## TENTH AFFIRMATIVE DEFENSE

16.    Defendants are immune from liability under various statutory provisions, including, but not limited to Cal. Gov't Code §§ 815, 815.2, 815.4, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.4, 821.6, 821.8, 822.2, 830 (c), 830.2, 830.4, 830.5, 830.6, 830.8, 831, 831.4, 835, 835.4, 831.7, 835, 835.4, 840, 840.2, 840.4 and 840.6, 844, 845.6, 845.8, as well as Civil Code § 846.

## ELEVENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims are barred by all applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

18.    Defendants are immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff is not entitled to punitive damages because Defendants did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

## FOURTEENTH AFFIRMATIVE DEFENSE

20.    The individual Defendants are immune from the imposition of punitive damages in their official capacity.

## FIFTEENTH AFFIRMATIVE DEFENSE

21.    To the extent that the Complaint seeks punitive damages against a public entity, punitive damages cannot be imposed against a public entity.

## SIXTEENTH AFFIRMATIVE DEFENSE

22.    The individual Defendants are entitled to qualified immunity.

## SEVENTEENTH  AFFIRMATIVE DEFENSE

23.    Any injuries or damages suffered by Plaintiff, if any, were caused

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' ANSWER TO COMPLAINT,
AND DEMAND FOR JURY TRIAL

solely by reason of Decedent's wrongful acts and conduct, and not by reason of any unlawful acts or omissions of Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

24.   Plaintiff's claims are barred by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

25.   Plaintiff's claims are barred by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

26.   Plaintiff has failed to join necessary and/or indispensable parties.

### TWENTY-FIRST  AFFIRMATIVE DEFENSE

27.   Any recovery on the Plaintiff's Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiff's failure to mitigate their damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

28.   Plaintiff lacks standing and/or capacity to pursue their causes of action because they are not the proper heirs or successors of interest of the decedent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

29.   That the damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by Civil Code Sections 1431 to 1431.5.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

30.   Defendants are immune from Plaintiff's claims under California law, pursuant to California Government Code §§ 844.6(a)(1-2) and § 830.9.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

31.   Defendants are informed and believe and, therefore allege that the Complaint is barred on the grounds that Plaintiff assumed the risk that led to Plaintiff's alleged damages and injuries, if any damages or injuries exist.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

32.   Defendants are not liable for Plaintiff's alleged injuries and damages, if

Burke, Williams & Sorensen, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' ANSWER TO COMPLAINT,
AND DEMAND FOR JURY TRIAL

any injuries or damages exist, insofar as Plaintiff seek to impose liability for damages resulting from any intervening conduct, events, occurrences, or actions that occurred after Defendants' alleged conduct.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

33.    Any act constituting negligence and/or other fault of any other persons or entities constitutes superseding and intervening causes of any damages or injuries allegedly sustained by Plaintiff and precludes recovery by Plaintiff herein against Defendants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

34.    Any and all happenings, events, damages and injuries, if any, referred to in the Complaint were proximately caused and contributed by Plaintiff's own conduct in that Plaintiff failed to exercise ordinary care at the alleged times and places.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

35.    The injuries, damages, and losses, if any, which Plaintiff claim they sustained as a result of the events and incidents alleged in the Complaint were caused and contributed to by the negligence and/or wrongful conduct of Plaintiff, thus barring any recovery by Plaintiff, or reducing said recovery in an equal amount to the percentage of Plaintiff's own fault found to have caused or contributed to the damages alleged in the Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

36.    In the event Defendants are found in some manner legally liable to Plaintiff, Defendants are entitled to indemnity from Plaintiff under equitable principles of partial and comparative indemnity, to the extent that the acts, omissions, conduct, and/or breach of obligations by Plaintiff were negligent or otherwise at fault, and that such negligence or fault was a substantial factor in causing Plaintiff's alleged harm, injuries, and damages.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' ANSWER TO COMPLAINT,
AND DEMAND FOR JURY TRIAL

## THIRTY-FIRST AFFIRMATIVE DEFENSE

37.    Plaintiff's alleged injuries, damages, and losses, if any, were caused or contributed to by acts or omissions of third parties rather than Defendants. It is thus necessary that the proportion or degree of negligence or fault of each of said persons or entities, wherein parties to this action or not, be judicially determined such that any judgment that might be rendered against Defendant be reduced in proportion to the degree of fault attributed to each and every third person or entity found liable to Plaintiff herein. As against each such third party or entity, wherein served or not served in this action, whose acts or omissions are found to cause or contribute in any fashion to the injuries, if any, alleged to have been suffered by Plaintiff, Defendants reserve the right to cross-complaint and/or move for judgment against such person or entity.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

38.    Pursuant to the provisions of Cal. Gov't Code § 815.6, Defendants are immune from liability in that any mandatory duties imposed upon Defendants were exercised with reasonable diligence.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

39.    Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

7

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' ANSWER TO COMPLAINT,
AND DEMAND FOR JURY TRIAL

1    Dated:  July 9, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

2

3                                           By:  _____/s/ Caylin W. Jones_____

4                                                Nathan A. Oyster

5                                                Caylin W. Jones
                                                 Attorneys for Defendants
6                                                COUNTY OF RIVERSIDE
                                                 and JOHN BARTO
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

8                        Case No. 5:25-cv-01444-JGB-DTB
                         DEFENDANTS' ANSWER TO COMPLAINT,
                         AND DEMAND FOR JURY TRIAL

1

# **DEMAND FOR JURY TRIAL**

2    WHEREFORE, Defendants COUNTY OF RIVERSIDE and JOHN BARTO

3 pray that:

4    1.    Judgment be rendered in favor of Defendants COUNTY OF

5 RIVERSIDE and JOHN BARTO against Plaintiff;

6    2.    Plaintiff take nothing by this action;

7    3.    Defendants COUNTY OF RIVERSIDE and JOHN BARTO be

8 awarded costs of suit incurred herein; and

9    4.    Defendants COUNTY OF RIVERSIDE and JOHN BARTO be

10 awarded such other and further relief as the Court may deem necessary and proper.

11    Defendants COUNTY OF RIVERSIDE and JOHN BARTO demand a trial by

12 jury on all issues raised in the Complaint that are triable by a jury.

13

14    Dated:  July 9, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

15

16

17                                By:    /s/ Caylin W. Jones

18                                    Nathan A. Oyster

19                                    Caylin W. Jones
                                       Attorneys for Defendants

20                                    COUNTY OF RIVERSIDE
                                       and JOHN BARTO

21

22

23

24

25

26

27

28

9