**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* JOHN DOBBINS

Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

*Attorneys for Defendants*, COUNTY OF RIVERSIDE and JOHN BARTO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOBBINS; individually and as successor in interest to JENNIFER DOBBINS, Decedent,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; JOHN BARTO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-01444-JGB-DTB<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge David T. Bristow]<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br><u>Scheduling Conference</u><br><br>TBD |

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report, by and through their respective counsel of record.

A.  **Statement of the Case:**

   1.  **Plaintiff's Short Synopsis of Claims:**[1]

   This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law including for in connection with the excessive and unreasonable shooting and killing of decedent Jennifer Dobbins by Defendant County of Riverside Sheriff's Department ("RCSD") Deputy John Barto, on June 11, 2024, at approximately 1:10 a.m., at or the 1000 block of West Sixth Street, City of Corona, in the County of Riverside, California. Plaintiff alleges that Defendant Barto was not responding to a call for service and was not responding to a serious or violent crime. Defendant Barto wrestled the male to the ground, mounted on top of the male subject, and held him down. Seeing Defendant Barto's aggressive behavior included attempting to choke the male subject, Decedent attempted to de-escalate the situation. Then, without warning and while several less-intrusive alternatives were available, Defendant Barto shot and killed Decedent. The use of force against Decedent was excessive and objectively unreasonable under the circumstances, especially because Decedent was emotionally disturbed and did not attempt to flee, was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at any time immediately prior to or during the use of force. Decedent was a small-framed unarmed woman.

   On June 10, 2025, Plaintiff filed his Complaint for Damages. (Doc. 1.) On July 9, 2025, the Defendants filed their Answer. (Doc. 14.) Plaintiff brings the following claims for relief against Defendants pursuant to 42 U.S.C. §1983: (1) Unreasonable Seizure; (2) Fourth Amendment Excessive Force; (3) Denial of Medical Care; (4) Denial of Familial Relationship; (5) Unconstitutional Custom, Practice, or Policy; (6) Failure to Train; and (7) Ratification. Plaintiff brings the

---

[1] These facts are alleged without the benefit of Defendants' Rule 26 disclosures and some of these facts (identified by the Complaint) are alleged on information and belief.

following claims for relief pursuant to state law: (8) False Arrest; (9) Battery; (10) Negligence; and (11) Violation of the Bane Act (Cal. Civ. Code § 52.1).

**2.  Defendants' Statement of the Case:**

On June 11, 2024, around 1:05 a.m. Deputy John Barto was working patrol in the area of Sixth Street and Paseo Grande in the City of Corona. Deputy Barto was in his patrol vehicle when he noticed two people hiding in the bushes at the Larry Miller Toyota dealership, long after the dealership had closed. The two subjects were later determined to be Eric Nourani and Jennifer Dobbins. Deputy Barto pulled over and approached Nourani and Dobbins to determine what they were doing in the closed dealership. Nourani and Dobbins initially spoke with Deputy Barto but then inexplicably took off running. Deputy Barto chased after Nourani and Dobbins and as they turned down an alley way, Nourani and Dobbins stopped running. Nourani then turned around, told Dobbins that Deputy Barto was a "demon" and to "kill him", and charged at Deputy Barto bringing him to the ground. Once Nourani brought Deputy Barto to the ground he began screaming "Kill him! Kill him!", instructing Dobbins to kill Deputy Barto. As Nourani continued to attack Deputy Barto, Dobbins knelt down next to them and began grabbing Deputy Barto's right hand to prevent him from calling for help. Nourani *viciously* attacked Deputy Barto biting a chunk of his ear off and biting the back of Deputy Barto's head and fingers. Dobbins then screamed at Deputy Barto **"I'm going to fucking get rid of you!...You are going to hell! Kill yourself!" and began kicking him in the head** while he was still on the ground with Nourani, who was trying to get Deputy Barto's gun. Dobbins kicked Deputy Barto in the head *six times* as Deputy Barto began to lose consciousness. Realizing Dobbins and Nourani were going to kill him, Deputy Barto fired one round at Dobbins to stop her from kicking him in the head. Immediately thereafter, nearby construction workers came to Deputy Barto's aid and pulled Nourani off of him. Dobbins ultimately died of the gunshot wound.

B.  **Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth, and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

C.  **Legal Issues:**

The key legal issue in this case as follows: (1) whether Defendant Barto used excessive force against decedent within the meaning of the Fourth Amendment; (2) whether the Defendants denied Decedent medical care; (3) whether Defendant County maintained an unconstitutional custom, practice, or police, (4) whether Defendant County ratified a constitutional violation; (5) whether Defendant County failed to properly train its officers; (6) whether Defendant Barto committed battery upon Decedent; (7) whether Defendants were negligent towards Decedent; (8) whether Decedent's rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by Defendants; (9) the nature and extent of Plaintiffs damages; and (10) whether any individual Defendant's conduct gives rise to punitive damages.

Defendants contend that three additional key legal issues are (1) Whether Deputy Barto is entitled to qualified immunity and (2) whether Plaintiff has failed to join all necessary parties and (3) whether Plaintiff's claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) should Eric Nourani be found guilty of any crimes, including the felony murder of Jennifer Dobbins, in his ongoing criminal case People v. Eric Nourani, Riverside Superior Court case number RIF2403019.

/ / /

D.    **Parties, Evidence, etc.:**

    1.    **Parties:**

        Plaintiff:    JOHN DOBBINS.

        Defendants: COUNTY OF RIVERSIDE; JOHN BARTO; and DOES 1-10, inclusive.

    2.    **Percipient Witnesses:**

        a)    PLAINTIFF

Besides the individual Defendant Officer John Barto and male subject Eric Nourani, the names of percipient witnesses to the shooting incident are unknown to Plaintiff at this time. Plaintiff believes that Defendants are in possession of records that indicate all known percipient witnesses.

        b)    DEFENDANTS

Deputy John Barto, Eric Nourani, responding paramedics who treated Deputy Barto for his injuries and decedent's children.

    3.    **Key Documents on the main issues:**

        a)    PLAINTIFF

Relevant portions of any audio or video recording of the incident, including transcripts thereof; relevant portions of audio/video recordings and transcripts of involved officer/official statements to investigators related to the incident; relevant portions of audio/video recordings and transcripts of percipient witness statements to investigators related to the incident; relevant portions of reports, diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by Decedent caused by Defendants; Defendants' policies, procedures, and training documents. Plaintiff will also seek Defendants' training and personnel records.

/ / /

        b)       DEFENDANTS

Body worn camera video, surveillance video, photographs, and interviews with Eric Nourani.

### 4. Damages:

Plaintiff believes that a realistic range of damages cannot be ascertained at this time without expert evaluation and opinion. However, based on his severe pain and suffering endured as a direct result of Defendant Barto shooting Decedent, Plaintiff contends that a reasonable jury could award Plaintiff in excess of $10 million.

Defendants deny that Plaintiff is entitled to any damages.

### E. Insurance:

Defendants are self insured pursuant to Government Code section 990.

### F. Procedural Motions:

Per Plaintiff, after review of the discovery material, which has not yet been provided, Plaintiff will be able to determine the identity of any County official involved and whether there were any other officials responsible for the violation of Plaintiff's and/or Decedent's right, and/or ascertain the names of those officers, official, and/or individuals who otherwise violated the rights of Plaintiff and/or Decedent. Depending on that review, Plaintiff anticipates amending the pleadings to name of DOE defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers, official, and/or individual were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Decedent's/Plaintiff's constitutional and state law rights.

Additionally, Decedent has two minor children that will be added to the case.

Per Defendants, Defendants intend on filing a Motion to Stay the case pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and Beets v. Cnty. of Los Angeles, 669 F.3d 1038, 1040–41 (9th Cir. 2012). In Beets, the Ninth Circuit held

that a conviction of a co-conspirator collaterally estop a section 1983 case if one of the elements of the convicted crime is that the officers was "lawfully performing his duties as a peace officer."  Dobbins' co-conspirator Eric Nourani is currently being charged with numerous crimes as the result of this incident and should he be convicted of any of those crimes, it would serve to bar Plaintiff's claims.  Thus, Defendants contend that this case should be stayed pending the completion of Nourani's criminal case.

**G.    Manual for Complex Litigation:**

This case does not require utilization of the Manual For Complex Litigation.

**H.    Status of Discovery:**

Plaintiff anticipates serving written discovery, including interrogatories, requests for admission, and requests for production on the issues of liability of unreasonable and excessive force, denial of medical care, and *Monell* liability. Plaintiff anticipates taking the deposition upon oral examination of the involved officers present at the scene, medical personnel, and percipient witnesses, and persons most knowledgeable; of whom are not yet identified.

Defendants anticipate serving written discovery, issuing subpoenas and taking depositions. However, as discussed above, at this time Defendants contend that case should be stayed pending the completion of Eric Nourani's criminal case.

The parties do not anticipate any other changes to the limitations on discovery imposed by the Federal Rules at this time.

**I.    Discovery Plan:**

Pursuant to Rule 26(f), the parties have conducted conference of counsel, discussed timing of initial disclosures, a mutually agreed upon discovery plan, and the possibility of prompt resolution of the case. The parties have agreed to mutually serve their initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1)(C), on **September 15, 2025**.

a) PLAINTIFF

The Plaintiff will seek discovery on the County's manuals in effect at the time of the incident, prior complaints against the Defendant officers and lawsuits against the County, training given to the Defendant deputy both before and after the incident, and whether the Defendant officer was disciplined or reprimanded in any way as a result of the incident.

The Plaintiff will conduct discovery regarding the facts and circumstances of the incident that forms the basis of this lawsuit related to Plaintiff's claims as set forth above, including regarding the facts and circumstances of the officer involved shooting. Plaintiff will conduct discovery regarding the Defendant deputy's background and training, and the Defendants' policies and training related to deputy involved shootings and the investigation thereof. The Plaintiff will also conduct discovery related to Plaintiff's alleged damages, and punitive damages.

Defendants will conduct discovery on liability and damages.

The parties proposes that discovery be conducted in two phases: (1) non-expert fact discovery and (2) expert discovery.

The parties does not anticipate any other changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rules.

The parties contends that a Stipulated Protective Order with the Honorable Magistrate Judge David T. Bristow should be filed.

The Plaintiff does not anticipate any issues regarding disclosure, discovery, and preservation of electronically stored information. Defendants contend that case should be stayed pending the completion of Eric Nourani's criminal case.

Plaintiff will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

/ / /

/ / /

| | | |
|---|---|---|
| J. | **Discovery Cut-Off:** | |
| | D/L to Complete Fact Discovery | July 13, 2026 |
| K. | **Expert Discovery:** | |
| | Initial Expert Disclosure Due | July 20, 2026 |
| | Rebuttal Expert Disclosure Due | August 10, 2026 |
| | Expert Discovery Cut-Off: | August 31, 2026 |

L. **Dispositive Motions:**

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers, and that the moving party shall have two weeks to reply, which is reflected in the proposed dates within "Exhibit A" and the responsibility of the moving party to file with sufficient time in advance of the hearing.

  1. <u>Plaintiff's statement regarding dispositive motions</u>.

Plaintiff believes that the Defendants' liability for excessive force may be determined by motion for summary judgement. Plaintiff reserves the right to file a motion for summary judgment/adjudication in Plaintiff's favor and would oppose any dispositive motion.

Plaintiff believes that there may be issues to be determined by motion *in limine* based on information attained during discovery, including information unknown to the Defendant Deputy at the time.

  2. <u>Defendants' statement regarding dispositive motions</u>.

Defendants anticipate filing a motion for summary judgment.

M. **Settlement / Alternative Dispute Resolution (ADR):**

The parties have not yet engaged in substantive settlement discussions. The parties propose the mediation cutoff set forth in "Exhibit A" below.

Plaintiff is willing to engage in early mediation.

Defendants contend that this case is not ripe for mediation for two reasons (1) Defendants contend that case should be stayed pending the completion of Eric

Nourani's criminal case and (2) Plaintiff has failed to join all of Decedent's necessary heirs. Defendants contend that any settlement between the parties must include all heirs.

The parties agree to ADR Procedure No. 02 and will participate in a mediation with a neutral selected from the Court Mediation Panel, namely Richard Copeland, pursuant to Civil Local Rule 16-15.4 and General Order 11-10. Should the parties later agree that private mediation is more appropriate, the parties will file a Stipulation to Amend the Scheduling Order.

**N.     Trial Estimate:**

The parties believe that this case can be tried in five (5) to eight (8) days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Plaintiff contemplates calling approximately seven (7) to ten (10) witnesses for liability and damages.

Defendants contemplate calling approximately ten witnesses.

**O.     Trial Counsel:**

Plaintiff: Dale K. Galipo (Lead) and Marcel F. Sincich of the Law Offices of Dale K. Galipo, and Trenton C. Packer of Grech, Packer, & Hanks.

Defendants: Nathan A. Oyster (Lead), and Caylin W. Jones of Burke, Williams & Sorensen, LLP.

**P.     Independent Expert or Master:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**Q.     Timetable:**

See "Exhibit A."

**R.     Other Issues:**

The parties do not anticipate any issues regarding disclosure, discovery and

preservation of electronically stored information.

The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials. However, the parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

The parties have considered the prospects of exercising their right under 28 U.S.C § 636(c) to consent to designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition. Plaintiff does not consent to Magistrate Judge jurisdiction over this matter.  Defendants concur.

**Respectfully submitted,**

DATED:  September 9, 2025   **LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER & HANKS**

By: /s/        *Marcel F. Sincich*
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq. [2]
Trenton C. Packer, Esq.
*Attorneys for Plaintiff* JOHN DOBBINS

DATED:  September 9, 2025   **BURKE, WILLIAMS & SORENSEN, LLP**

By: /s/        *Caylin W. Jones*
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants, COUNTY OF RIVERSIDE and JOHN BARTO

---

[2] I, Marcel F. Sincich, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Joint Scheduling Conference Report and have authorized its filing.

JUDGE JESUS B. BERNAL

**EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| Case No. | 5:25-cv-01444-JGB-DTB |
|---|---|
| Case Name | *DOBBINS v. COUNTY OF RIVERSIDE, et al.* |

| Matter | Plaintiff's Request | Defendants' Request | Court's Order |
|---|---|---|---|
| ☒ Jury Trial or ☐ Court Trial **(Tuesday at 9:00 a.m.)** Length: 5-8 Days | 01/26/2027 | same | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* **(Monday − two (2) weeks before trial date)** | 01/11/2026 | same | |
| Last Date to Conduct Settlement Conference | 10/26/2026 | same | |
| Last Date to *Hear* Non−discovery Motions (Monday at 9:00 a.m.) | 10/12/2026 | same | |
| Last Date to File Dispositive Motions | 08/31/2026 | same | |
| Expert Discovery Cut-Off | 08/31/2026 | same | |
| Expert Disclosure (Rebuttal) | 08/10/2026 | same | |
| Expert Disclosure (Initial) | 07/20/2026 | same | |
| Fact Discovery Cut−Off (including hearing fact discovery motions) | 07/13/2026 | same | |
| Last Date to Amend Pleadings or Add Parties | 10/31/2025 | same | |

ADR [L.R. 16-15] Settlement Choice:

☒ Attorney Settlement Officer Panel

☐ Private Mediation

☐ Magistrate Judge