Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail:  cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE and JOHN BARTO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOBBINS; individually and as successor in interest to JENNIFER DOBBINS, Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; JOHN BARTO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01444-JGB-DTB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY THE CASE**<br><br>*Filed concurrently with Defendants' Request for Judicial Notice in Support of Motion to Stay the Case; and [Proposed] Order Staying the Case*<br><br>Judge:  Jesus G. Bernal<br><br>Date:  November 24, 2025<br>Time:  9:00 a.m.<br>Crtrm.:  1 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 24, 2025 at 9:00 a.m., or as soon thereafter as this matter may be heard before Judge Jesus G. Bernal, 3470 Twelfth Street, Riverside, California 92501-3801, Courtroom 1, 2nd Floor, Defendants COUNTY OF RIVERSIDE and DEPUTY JOHN BARTO (hereinafter "Defendants") will move to stay this case until the completion of Eric Nourani's related criminal case. in the matter of *People of the State of California v. Eric Nourani*, Riverside County Superior Court Case No. RIF2403019 (herein after "Nourani Criminal Matter")

As required by Central District Local Rule 7-3, prior to the filing of this motion, Defense counsel, Caylin W. Jones, has met and conferred with Plaintiff's counsel on the issues presented in this motion on September 15, 2025 and September 17, 2025 but were unable to come to an agreement. See Declaration of C. Jones at ¶¶ 2-3.

This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the Declaration of Caylin W. Jones, Defendant's Request for Judicial Notice, and such further evidence and argument as the court may permit.

Dated: October 27, 2025            BURKE, WILLIAMS & SORENSEN, LLP

By:   /s/ Caylin W. Jones
      Nathan A. Oyster
      Caylin W. Jones
      Attorneys for Defendants COUNTY
      OF RIVERSIDE and JOHN BARTO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This litigation arises from the fatal deputy involved shooting of Decedent Jennifer Dobbins on June 11, 2024. On that date around 1:05 a.m. Deputy John Barto was working patrol in the area of Sixth Street and Paseo Grande in the City of Corona. Deputy Barto was in his patrol vehicle when he noticed two people hiding in the bushes at the Larry Miller Toyota dealership, long after the dealership had closed. The two subjects were later determined to be Eric Nourani and Jennifer Dobbins. Deputy Barto pulled over and approached Nourani and Dobbins to determine what they were doing in the closed dealership. Nourani and Dobbins initially spoke with Deputy Barto but then inexplicably took off running. Deputy Barto chased after Nourani and Dobbins and as they turned down an alley way, Nourani and Dobbins stopped running. Nourani then turned around, told Dobbins that Deputy Barto was a "demon" and instructed Dobbins to "kill him." Nourani then charged at Deputy Barto bringing him to the ground. Once Nourani brought Deputy Barto to the ground he began screaming "Kill him! Kill him!", continuing to instruct Dobbins to kill Deputy Barto.

As Nourani continued to attack Deputy Barto, Dobbins knelt down and began grabbing Deputy Barto's right hand to prevent him from using his radio to call for help. Nourani *viciously* attacked Deputy Barto biting off a chunk of his ear and biting the back of Deputy Barto's head and his fingers. Dobbins then screamed at Deputy Barto **"I'm going to fucking get rid of you!...You are going to hell! Kill yourself!" and began kicking Deputy Barto in the head** while Nourani tried to get a hold of Deputy Barto's gun. Dobbins kicked Deputy Barto in the head *six times* and Deputy Barto began to lose consciousness. Realizing that Dobbins and Nourani were going to kill him, Deputy Barto fired one round at Dobbins to stop her from kicking him in the head. Immediately thereafter, nearby construction workers came to Deputy Barto's aid and pulled Nourani off Deputy Barto. Dobbins

ultimately died of the gunshot wound. Following this incident Deputy Barto was hospitalized with numerous serious injuries.

On June 13, 2024, the Riverside District Attorney's Office filed a criminal Complaint against Eric Nourani in *People of the State of California v. Eric Nourani*, Riverside County Superior Court Case No. RIF2403019. In the criminal case Nourani is charged with Penal Code section 187(a) (murder) for the felony murder of Jennifer Dobbins as well as Penal Code section 187(a)/664(e) (attempted murder on a peace officer), Penal Code section 203 (Mayhem), Penal Code section 69 (resisting a peace officer by violence), and Penal Code section 148.1 (resisting arrest causing serious injury to an officer) for his actions against Deputy Barto.

Plaintiff John Dobbins, Jennifer Dobbins' father, filed this civil action on June 10, 2025 (Dkt. 1) alleging that Deputy Barto used excessive force on Decedent Dobbins. Plaintiff has asserted claims for relief under 42 U.S.C. § 1983.

Defendants now move for an Order staying this civil action until any charges in the Nourani Criminal Matter that relate to the June 11, 2024 incident have been resolved. Plaintiff's Complaint alleges that Deputy Barto used excessive force on June 11, 2024. Whether the use of force was justified due to Eric Nourani and Jennifer Dobbins' actions is an issue that is the subject of both this civil action and the underlying criminal proceeding. As fully set forth below, Defendants contend this action should be stayed pursuant to the <u>Keating</u> doctrine, which is set forth in <u>Keating v. Off. of Thrift Supervision</u>, 45 F.3d 322, 324 (9th Cir. 1995), as well as the <u>Younger</u> doctrine, set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

## II. **RELEVANT FACTS**

This lawsuit arises from Plaintiff's allegations that on June 11, 2024, Defendant Deputy John Barto used unreasonable force against Decedent Jennifer Dobbins. <u>See</u> Dkt. 1 at ¶¶ 3; 28-45. On June 13 2024, the People of the State of California filed an initial criminal complaint against Decedent's co-conspirator, Eric Nourani, for Penal Code section 187(a) (murder) for the felony murder of Jennifer

Dobbins a well as Penal Code section 187(a)/664(e) (attempted murder on a peace officer), Penal Code section 203 (Mayhem), Penal Code section 69 (resisting a peace officer by violence), and Penal Code section 148.1 (resisting arrest causing serious injury to an officer) for his actions against Deputy Barto. <u>See</u> Request for Judicial Notice, ("RJN"), Exhibit 1 & 2.

### III. A STAY IS WARRANTED WHERE CIVIL DISCOVERY WILL INTERFERE WITH THE ONGOING NOURANI CRIMINAL MATTER.

A court has discretion to stay civil proceedings "when the interests of justice seem to require such action." <u>Keating v. Off. of Thrift Supervision</u>, 45 F.3d 322, 324 (9th Cir. 1995) (internal alterations and quotations omitted). As the Ninth Circuit has explained:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

"**When civil proceedings are related to rulings that will likely be made in a pending or anticipated criminal trial, it is common practice for the court to stay the civil action until the criminal case or the likelihood of a criminal case is ended**." <u>Green v. Lizarraga</u>, No. 22-CV-1175-DMS-MMP, 2023 WL 8255118, at 2

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

3

(S.D. Cal. Nov. 28, 2023), <u>report and recommendation adopted as modified,</u> No. 22-CV-1175-DMS-MMP, 2023 WL 8952099 (S.D. Cal. Dec. 28, 2023) (internal citations omitted).

 Turning to the first <u>Keating</u> factor, while Plaintiff may have an interest in resolving this case expeditiously, "any prejudice to Plaintiff is minimal given that both proceedings involve the similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time." <u>Hunt v. Diaz</u>, No. 119CV00504DADSABPC, 2020 WL 8465095, at 3 (E.D. Cal. Oct. 30, 2020). Specifically, in this case, all the witnesses to the deputy involved shooting of Jennifer Dobbins are also witnesses in the Nourani Criminal Matter where both cases are predicated on the same event. Thus, all testimony will be preserved during Nourani's Criminal Matter, and this factor is in favor of a stay.

 In looking at the second <u>Keating</u> factor, the burden that this civil case may impose is *significant*. Allowing Plaintiff to continue this civil litigation would allow Plaintiff to conduct discovery into the County's criminal investigation of Nourani and discover items of information that may not be discoverable in the Nourani litigation. While Plaintiff may assert that he would not share discovery with Eric Nourani or that a protective order would cure any concerns, in an audio taped interview with DOJ Investigators Plaintiff John Dobbins informed investigators that despite there being a protective order in place in Nourani's Criminal Matter, Nourani's criminal attorneys have already shared video and other evidence with him. <u>See</u> Declaration of C. Jones at ¶ 4. Thus, it is clear that Plaintiff will likely share any information gathered in this civil case with Nourani's attorneys in his Criminal Matter and this civil case will interfere with Nourani's ongoing Criminal Matter.

 With respect to the third factor, the efficient use of judicial resources, any discovery in this civil case while the Nourani Criminal Matter is pending will likely lead to an onslaught of discovery disputes which would consume judicial resources

and time. Further, and most importantly, Nourani's Criminal Matter presents several overlapping legal issues with this civil case. Allowing Nourani's Criminal Matter to proceed to completion prior to litigating this civil case will resolve numerous legal issues in this case. For example, in the criminal trial, the Court will have to determine whether Deputy Barto had reasonable suspicion to detain Nourani and Dobbins. Conversely, in Plaintiff's Complaint, he alleges that Deputy Barto did not have reasonable suspicion to detain Dobbins and Nourani. See Dkt. 1 at ¶31; 34 ("Defendant BARTO did not have probable cause to arrest either of the two individuals and did not have reasonable suspicion to stop either of the two individuals.") This is one of many allegations made in Plaintiff's Complaint that will be determined during the Nourani Criminal Matter. Thus, a stay of this case until the completion of the Nourani Criminal Matter would solve numerous potential discovery issues in this case and conserve judicial resources.

Finally, with respect to the fourth and fifth factor, the interests of third parties and the public, the public has a strong interest in allowing criminal prosecution of Eric Nourani to proceed without interference from this civil case. See Mann v. Garcia, No. 121CV00764AWIEPGPC, 2022 WL 412013, at 6 (E.D. Cal. Feb. 10, 2022) ("When "[a]llowing the civil matter to proceed using the Federal Rules of Civil Procedure would likely interfere with the potential criminal case(s)" then a stay is strongly favored because "[a]s a general matter, '[t]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.'") Therefore, a stay of this civil case until the completion of the Nourani Criminal Matter would allow for the Criminal Matter to go forward without interference from this civil case and is in the interests of justice.

**Moreover, if Nourani is convicted of a crime, this may serve as a bar to Plaintiff's claims.** See Beets v. Cnty. of Los Angeles, 669 F.3d 1038, 1040–41 (9th Cir. 2012) (holding that co-conspirator's conviction for assault of a peace officer barred family's wrongful death section 1983 action where the assault of a peace

officer convictions conclusively established the officer was "lawfully performing his duties as a peace officer and that the officer was not 'using unreasonable or excessive force.") Courts have held that where a civil case has the potential to interfere with a criminal case, a stay is warranted in the interests of justice. <u>Martin v. Gutierrez</u>, No. 122CV00600ADABAMPC, 2023 WL 3324789, at 2 (E.D. Cal. Apr. 10, 2023) ("When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended.") *quoting* <u>Wallace v. Kato</u>, 549 U.S. 384, 393–94 (2007).

For example, in this case if Nourani is convicted of Penal Code 187 for the felony murder of Jennifer Dobbins, this would require a jury finding that Eric Nourani aided and abetted Jennifer Dobbins in an unlawful felony or conspiracy, caused the death of Jennifer Dobbins by reckless disregard for human life, and that Deputy Barto was lawfully performing his duties as a peace officer. <u>See</u> CalCrim Jury Instruction 540B. Similarly, if Nourani was found guilty of attempted murder of Deputy Barto, this would also require a showing that Deputy Barto was lawfully performing his duties as a peace officer during this incident, which includes the shooting of Jennifer Dobbins. <u>See</u> CalCrim Jury Instruction 602.

If the jury in the Nourani Criminal Matter was to find that Deputy Barto was acting lawfully in performing his duties as a peace officer at the time he shot Jennifer Dobbins, Plaintiff's civil case would be dismissed. <u>See</u> <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir.1996). "…if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Allowing this civil case to continue while the Nourani Criminal Matter is ongoing also creates a substantial risk of inconsistent rulings where the lawfulness of Deputy Barto's actions on June 11, 2024 are at issue in both cases.

## IV. PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE, THE CASE SHOULD BE STAYED UNTIL ERIC NOURANI'S STATE CRIMINAL PROCEEDING HAS CONCLUDED

### A. The *Younger* Abstention Doctrine Applies to Limit Federal Court Interference – Whether Director or Indirect – With a Pending State Court Proceeding, Such as the Underlying Criminal Proceeding

In Younger v. Harris, 401 U.S. 37 (1971), the U.S. Supreme Court espoused a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Where certain factors are met, a federal court must abstain and allow the state court to adjudicate all claims, state and federal. Younger at 49-53. The underlying purpose of this abstention doctrine is to avoid unnecessary conflict between state and federal governments, and in matters of special interest to the states, to allow the states the opportunity to adjudicate constitutional issues. United States v. Morros, 268 F.3d 695, 707 (9th Cir. 2001); M&A Gabaee v. Community Redevelopment Agency of City of Los Angeles, 419 F.3d 1036, 1040 (9th Cir. 2005). It is not a jurisdictional restraint but arises from "strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced". Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619, 626 (1986).

In civil cases, Younger abstention is appropriate only when state proceedings: (1) are ongoing, (2) involve state's interest in enforcing orders and judgments of its courts, (3) implicate important state interest, and (4) allow litigants to raise federal challenges. ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (internal citations omitted). If these four threshold elements

are met, courts "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." Id. at 759.

**B.     All Of The *Younger* Factors are Met, Requiring Abstention Until The Criminal Proceeding Is Resolved**

**1.     The State Court Criminal Proceeding is Ongoing**

The first requirement for *Younger* abstention is that state proceedings were ongoing when the federal action was filed. The critical question is not whether the state proceedings are still 'ongoing' but whether the state proceedings were underway before initiation of the federal proceedings." Wiener v. County of San Diego, 23 F3d 263, 266 (9th Cir. 1994) (internal quotes omitted).

Here, the People of the State of California filed an initial criminal complaint against Eric Nourani on June 13, 2024, for the felony murder of Jennifer Dobbins and the attempted murder of Deputy Barto. See Exhibit 1 and 2 to Defendants' RJN. Plaintiff filed this civil complaint on June 10, 2025, nearly a year after the initial criminal Complaint was filed. Therefore, the state criminal proceedings were underway before the federal proceedings were initiated on June 10, 2025. Accordingly, this first factor requiring that the state criminal proceeding be ongoing when the federal action is filed, is satisfied.

**2.     The State Criminal Proceeding is an Enforcement Action**

In Younger v. Harris, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings. Id. at 43–54.  The underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by a proper respect for state functions, "a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their

separate ways." Id. at 44.

Here, it is undisputed that Eric Nourani, Decedent Dobbins' co-conspirator, is being charged with felony murder for the death of Jennifer Dobbins. Nourani is also being charged with numerous felonies, including attempted murder, for his attack on Deputy Barto. Therefore, the second factor of the Younger inquiry is satisfied.

### 3. The Criminal Proceeding Implicates an Important State Interest

The third factor the Court must consider is whether the criminal proceeding implicates an important state interest. ReadyLink at 759. As the Court in Younger emphasized, this is a matter of comity, and thus there is an important state interest for the need to have a state court determine the guilt or innocence of Eric Nournai for the death of Jennifer Dobbins and attempted murder of Deputy Barto. See Younger, at 44. Because the criminal proceeding implicates the important state interest of allowing the state court to determine the guilt or innocence of Nourani, and to consider the defenses, the third factor is satisfied.

### 4. The Criminal Proceeding Affords Plaintiff an Adequate Opportunity to Address his Federal Claims

Turning to the fourth factor, whether the state proceedings provide Plaintiff with adequate opportunity to raise federal claims, while Plaintiff is not a party to the Nourani Criminal Matter, he is an alleged victim of the Penal Code section 187(a) charge for the felony murder of Jennifer Dobbins where Plaintiff John Dobbins is Jennifer Dobbins' surviving family. Thus, Plaintiff will have the opportunity to address his grievances as an alleged victim during the Nourani Criminal Matter. Moreover, a brief stay of this case will not prevent Plaintiff from addressing the issues raised in his Complaint via this civil action once the Nourani Criminal Matter is resolved.

### 5. If This Case Is Not Stayed, This Action Will Necessarily

9

**Interfere With The Ongoing Criminal Proceeding**

Finally, Plaintiff's federal complaint would interfere with the state proceedings by inserting the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court. Thomas v. Melendez, 2016 WL 7116720, at 6 (E.D. Cal. Dec. 7, 2016). In other words, allowing this federal action to continue before the criminal trial is resolved would necessarily require this Court to intrude upon the state court system, risking the danger of contradictory decisions, and may effectively enjoin the pending state court proceedings on Nourani's criminal criminal charges. For example, in the criminal trial, the Court will have to determine whether Deputy Barto had reasonable suspicion to detain Nourani and Dobbins. Conversely, in Plaintiff's Complaint, he alleges that Deputy Barto did not have reasonable suspicion to detain Dobbins or Nourani. See Dkt. 1 at ¶31; 34 ("Defendant BARTO did not have probable cause to arrest either of the two individuals and did not have reasonable suspicion to stop either of the two individuals.") This is one of many allegations made in Plaintiff's Complaint that will be determined during the Nourani Criminal Matter. Plaintiff's federal complaint would interfere with the state proceedings by inserting the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court. Thomas v. Melendez, 2016 WL 7116720, at 6 (E.D. Cal. Dec. 7, 2016). In other words, allowing this federal action to continue before the criminal trial is resolved would necessarily require this Court to intrude upon the state court system, risking the danger of contradictory decisions, and may effectively enjoin the pending state court proceedings on Nourani's Criminal Matter. Thus, this factor is met.

///
///
///

## V. CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Court issue an Order staying this civil case until the completion of the Nourani Criminal Matter.

Dated: October 27, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

By:     /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
COUNTY OF RIVERSIDE and JOHN BARTO

# CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 11-6.2, the undersigned, counsel of record for Defendants hereby certifies that this brief contains 3,269 words, which complies with the word limit of Local Rule 11-6.1.

Dated: October 27, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Caylin W. Jones
Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
COUNTY OF RIVERSIDE and JOHN BARTO