# EXHIBIT 3

**burke**
BURKE, WILLIAMS & SORENSEN, LLP

444 South Flower Street  -  Suite 4000
Los Angeles, California  90071-2953
voice 213.236.0600 - fax 213.236.2700
www.bwslaw.com

Direct No.:  213.236.2719
Our File No.:  08695-0024
cjones@bwslaw.com

September 15, 2025

<u>*VIA EMAIL ONLY*</u>

Marcel F. Sincich
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA
msincich@galipolaw.com

Trenton C. Packer
Grech, Packer, & hanks
7095 Indiana Avenue, Ste 200
Riverside CA
tpacker@grechpackerlaw.com

Re:  <u>John Dobbins v. County of Riverside, et al.</u>
     U.S.D.C. Case No. 5:24-cv-01444-JGB-DTB

Dear Mr. Sincich and Mr. Packer:

I write pursuant to Local Rule 7-3 to discuss Defendants' forthcoming Motion to Stay this case pending the completion of Eric Nourani's related criminal case, *People of the State of California v. Eric Noruani*, Riverside County Superior Court Case No. RIF2403019.  As outlined below, Defendants seek to stay this civil case pursuant to *Younger v. Harris* and *Keating v. Off. of Thrift Supervision*.

1. **This Case Should be Stayed Pursuant to *Younger v. Harris.***

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the U.S. Supreme Court espoused a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances.  <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>*, 457 U.S. 423, 431 (1982).  Where certain factors are met, a federal court must abstain and allow the state court to adjudicate all claims, state and federal.  Abstention is appropriate when state proceedings: (1) are ongoing, (2) involve state's interest in enforcing orders and judgments of its courts, (3) implicate important state interest, and (4) allow litigants to raise federal challenges.   As you are aware,

4914-8341-7703 v1

Los Angeles – Inland Empire – Marin County – Oakland – Orange County – Palm Desert – San Diego – San Francisco – Silicon Valley – Ventura County

Marcel F. Sincich
Trenton C. Packer
<u>John Dobbins v. County of Riverside, et al.</u>
September 15, 2025
Page 2

Decedent Jennifer Dobbins' co-conspirator, Eric Nourani, is being charged with numerous crimes as a result of the attack on Deputy John Barto on June 11, 2024 including Penal Code section 187(a) (murder, for the felony murder of Dobbins), Penal Code section 664(e)/187(a) (attempted murder of a peace officer, Penal Code section 203 (mayhem), Penal Code section 69 (resisting a peace officer with violence) and Penal code section 148.1 (resisting arrest with a serious injury to an officer).

In this case there is no dispute that Nourani's criminal matter is ongoing, involves the state's interest, and the state's judgment of its courts. Further, a stay of this case until the resolution of Nourani's criminal case is in the interests of justice where discovery in this civil case will necessarily interfere with the ongoing criminal prosecution. <u>See</u> <u>Sec. & Exch. Comm'n v. Stephens</u>, No. 22-CV-1483-AJB-DEB, 2023 WL 3441588, at 3 (S.D. Cal. Apr. 28, 2023) ("As to the Government's interests, the Government argues it will suffer irreparable prejudice if Defendants are permitted to obtain broad civil discovery prior to the conclusion of the criminal proceeding. In the Government's view, allowing Defendants to take depositions, serve interrogatories, and issue third party subpoenas would provide them with information not otherwise discoverable in the criminal case and thereby hamper the Government's ability to conduct an orderly investigation and prosecution… Accordingly, the Government has made a sufficient showing prejudice in the absence of a stay.")

### 2. **This Case Should be Stayed Pursuant to *Keating v. Off. of Thrift Supervision*.**

A court has discretion to stay civil proceedings "when the interests of justice seem to require such action." <u>Keating v. Off. of Thrift Supervision</u>, 45 F.3d 322, 324 (9th Cir. 1995). Because Plaintiff's claims in this case relate to the same factual allegations for which Eric Nourani is being criminally prosecuted, discovery in this civil case will interfere with the ongoing prosecution of Eric Nourani. Further, if Nourani is convicted of a crime, this may serve as a bar to Plaintiff's claims. <u>See</u> <u>Beets v. Cnty. of Los Angeles</u>, 669 F.3d 1038, 1040–41 (9th Cir. 2012) (holding that co-conspirator's conviction for assault of a peace officer barred family's wrongful death section 1983 action where the assault of a peace officer convictions conclusively established the officer was "lawfully performing his duties as a peace officer and that the officer was not 'using unreasonable or excessive force.'")

Marcel F. Sincich
Trenton C. Packer
<u>John Dobbins v. County of Riverside, et al.</u>
September 15, 2025
Page 3

  Courts have held that where a civil case has the potential to interfere with a criminal case, a stay is warranted in the interests of justice.  <u>See</u> <u>Green v. Lizarraga</u>, No. 22-CV-1175-DMS-MMP, 2023 WL 8255118, at 2 (S.D. Cal. Nov. 28, 2023), <u>report and recommendation adopted as modified,</u> No. 22-CV-1175-DMS-MMP, 2023 WL 8952099 (S.D. Cal. Dec. 28, 2023) (internal citations omitted); <u>see also</u> <u>Martin v. Gutierrez</u>, No. 122CV00600ADABAMPC, 2023 WL 3324789, at 2 (E.D. Cal. Apr. 10, 2023) ("When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended.") quoting <u>Wallace v. Kato</u>, 549 U.S. 384, 393–94 (2007).

  I propose that we meet and confer on these issues via telephone on Wednesday September 17, 2025 at 10 a.m.  I look forward to speaking with you.


Sincerely,

Caylin W. Jones

CWJ:le