Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Caylin W. Jones (SBN 327829)
E-mail: cjones@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF RIVERSIDE and JOHN BARTO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOBBINS; individually and as successor in interest to JENNIFER DOBBINS, Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE; JOHN BARTO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-01444-JGB-DTB<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE**<br><br>Judge:  Jesus G. Bernal<br><br>Date:  November 24, 2025<br>Time:  9:00 a.m.<br>Crtrm.:  1 |

4901-4761-4585 v1

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Defendants COUNTY OF RIVERSIDE and JOHN BARTO (collectively,
2  "Defendants") hereby submit the following Reply Brief in Support of Defendants'
3  Motion to Stay.
4
5  Dated: November 10, 2025           BURKE, WILLIAMS & SORENSEN, LLP
6
7
8                                     By:      /s/ Caylin W. Jones
                                            Nathan A. Oyster
9                                           Caylin W. Jones
                                            Attorneys for Defendants COUNTY
10                                          OF RIVERSIDE and JOHN BARTO

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

2

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STAY THE CASE

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. A STAY IS WARRANTED WHERE CIVIL DISCOVERY WILL INTERFERE WITH THE ONGOING NOURANI CRIMINAL MATTER .............................................................................................................. 3

III. PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE, THE CASE SHOULD BE STAYED UNTIL ERIC NOURANI'S STATE CRIMINAL PROCEEDING HAS CONCLUDED ........................................... 9

IV. CONCLUSION ................................................................................................. 12

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

i

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STAY THE CASE

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Bass v. San Bernardino Cnty. Sheriff's Dep't,
   No. EDCV191443JVSKK, 2020 WL 5260486, at *2 (C.D. Cal. July 20, 2020) ................................................................................................. 11

Beets v. Cnty. of Los Angeles,
   669 F.3d 1038 (9th Cir. 2012) ............................................................... 2, 8

Brigham City, Utah v. Stuart,
   547 U.S. 398 (2006) .................................................................................. 6

Cunningham v. Gates,
   229 F.3d 1271 (9th Cir. 2000), (Oct. 31, 2000) ....................................... 7

Green v. Lizarraga,
   No. 22-CV-1175-DMS-MMP, 2023 WL 8255118 (S.D. Cal. Nov. 28, 2023) ................................................................................................... 3

Green v. Lizarraga,
   No. 22-CV-1175-DMS-MMP, 2023 WL 8952099 (S.D. Cal. Dec. 28, 2023) ................................................................................................. 11

Hunt v. Diaz,
   No. 119CV00504DADSABPC, 2020 WL 8465095 (E.D. Cal. Oct. 30, 2020) ................................................................................................... 4

Joseph v. City of San Jose,
   No. 19-CV-01294-LHK, 2020 WL 1031899 (N.D. Cal. Mar. 3, 2020) ......................................................................................................... 8

Keating v. Off. of Thrift Supervision,
   45 F.3d 322 (9th Cir. 1995) ...................................................................... 3

M&A Gabaee v. Community Redevelopment Agency of City of Los Angeles,
   419 F.3d 1036 (9th Cir. 2005) ................................................................ 10

Middlesex County Ethics Committee v. Garden State Bar Ass'n,
   457 U.S. 423 (1982) .................................................................................. 9

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

ii

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STAY THE CASE

Morales v. Cate,
  No. C 11-05211 EJD (PR), 2012 WL 3249488 (N.D. Cal. Aug. 7, 2012) ................................................................................................................ 12

United States v. Morros,
  268 F.3d 695 (9th Cir. 2001) ............................................................................ 10

Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,
  477 U.S. 619 (1986) ......................................................................................... 10

ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund,
  754 F.3d 754 (9th Cir. 2014) ............................................................................ 10

Thomas v. Melendez,
  2016 WL 7116720 (E.D. Cal. Dec. 7, 2016) .................................................... 11

Younger v. Harris,
  401 U.S. 37 (1971) ............................................................................................. 9

**State Cases**

People v. Briscoe,
  92 Cal. App. 4th 568 (2001) ............................................................................... 6

People v. Concha,
  47 Cal. 4th 653 (2009) ........................................................................................ 6

People v. Lee,
  49 Cal. App. 5th 254 (2020) ............................................................................... 5

**Federal Statutes**

42 U.S.C. § 1983 ................................................................................................. 2, 7

**State Statutes**

Penal Code
  section 69 ............................................................................................................ 2
  section 148.1 ....................................................................................................... 2
  section 182 .......................................................................................................... 5
  section 187 .......................................................................................................... 5
  section 187(a) ............................................................................................... 2, 10
  section 187(a)/664(e) .......................................................................................... 2
  section 203 .......................................................................................................... 2

4901-4761-4585 v1                               iii                     Case No. 5:25-cv-01444-JGB-DTB
                                                                        DEFENDANTS' REPLY TO PLAINTIFF'S
                                                                        OPPOSITION TO MOTION TO STAY THE CASE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

**Other Authorities**

Fifth Amendment ................................................................................................. 3, 4

Fourth Amendment ................................................................................................ 6, 8

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

iv

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STAY THE CASE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As Plaintiff's Opposition notes, this is an "unusual" case where criminal defendant Eric Nourani and decedent Jennifer Dobbins simultaneously attacked Deputy John Barto on June 11, 2024. On that date around 1:05 a.m. Deputy John Barto was working patrol in the area of Sixth Street and Paseo Grande in the City of Corona. Deputy Barto was in his patrol vehicle when he noticed two people hiding in the bushes at the Larry Miller Toyota dealership, long after the dealership had closed. The two subjects were later determined to be Eric Nourani and Jennifer Dobbins. Deputy Barto pulled over and approached Nourani and Dobbins to determine what they were doing in the closed dealership. Nourani and Dobbins initially spoke with Deputy Barto but then inexplicably took off running. Deputy Barto chased after Nourani and Dobbins and as they turned down an alley way, Nourani and Dobbins stopped running. Nourani then turned around, told Dobbins that Deputy Barto was a "demon" and instructed Dobbins to "kill him." Nourani then charged at Deputy Barto bringing him to the ground. Once Nourani brought Deputy Barto to the ground he began screaming "Kill him! Kill him!", continuing to instruct Dobbins to kill Deputy Barto.

As Nourani continued to attack Deputy Barto, Dobbins knelt down and began grabbing Deputy Barto's right hand to prevent him from using his radio to call for help. **Nourani and Dobbins continued to <u>simultaneously</u> attack Deputy Barto.** Nourani bit off a chunk of Deputy Barto's ear while Dobbins then screamed at Deputy Barto **"I'm going to fucking get rid of you!...You are going to hell! Kill yourself!" and began kicking Deputy Barto in the head.** Nourani then tried to get a hold of Deputy Barto's gun. As seen on video, Dobbins kicked Deputy Barto in the head *six times* and Deputy Barto began to lose consciousness. Realizing that Dobbins and Nourani were going to kill him, Deputy Barto fired one round at Dobbins to stop her from kicking him in the head and killing him. Immediately

4901-4761-4585 v1   1   Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

thereafter, nearby construction workers came to Deputy Barto's aid and pulled Nourani off Deputy Barto. Dobbins ultimately died of the gunshot wound. Following this incident Deputy Barto was hospitalized with numerous serious injuries.

On June 13, 2024, the Riverside District Attorney's Office filed a criminal Complaint against Eric Nourani in *People of the State of California v. Eric Nourani*, Riverside County Superior Court Case No. RIF2403019. In the criminal case Nourani is charged with Penal Code section 187(a) (murder) for the felony murder of Jennifer Dobbins as well as Penal Code section 187(a)/664(e) (attempted murder on a peace officer), Penal Code section 203 (Mayhem), Penal Code section 69 (resisting a peace officer by violence), and Penal Code section 148.1 (resisting arrest causing serious injury to an officer) for his actions against Deputy Barto. Hereinafter referred to as the "Nourani Criminal Matter."

Plaintiff John Dobbins thereafter filed this civil action on June 10, 2025 (Dkt. 1) alleging that Deputy Barto used excessive force on Decedent Dobbins. Plaintiff has asserted claims for relief under 42 U.S.C. § 1983.

Defendants now move for an Order staying this civil action until any charges in the Nourani Criminal Matter that relate to the June 11, 2024 incident have been resolved. Plaintiff's Complaint alleges that Deputy Barto used excessive force on June 11, 2024. Whether the use of force was justified due to Eric Nourani and Jennifer Dobbins' actions is an issue that is the subject of both this civil action and the underlying criminal proceeding. Plaintiffs' Opposition argues that the Nourani Criminal Matter cannot serve as a potential Heck bar to this civil case and that the Nourani Criminal Matter would not enjoin this civil proceeding. Plaintiff's arguments are contrary to the Ninth Circuit precent in Beets v. Cnty. of Los Angeles, 669 F.3d 1038 (9th Cir. 2012) which established that a third party's criminal action *can* bar a section 1983 wrongful death claim, and well-established case law staying civil cases where there are overlapping legal issues and a

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

2

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

substantial risk of inconsistent rulings.

## II. A STAY IS WARRANTED WHERE CIVIL DISCOVERY WILL INTERFERE WITH THE ONGOING NOURANI CRIMINAL MATTER.

A court has discretion to stay civil proceedings "when the interests of justice seem to require such action." Keating v. Off. of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (internal alterations and quotations omitted). As set forth by the Ninth Circuit in Keating, Courts look to a myriad of factors to determine whether a stay is appropriate. One factor is "the extent to which the defendant's fifth amendment rights are implicated." However, it is far from the only factor where courts must also consider: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation."

Plaintiff's Opposition argues that the Fifth Amendment rights of Nourani are not implicated in this case, however, that is not the focus of Defendants' Motion or the reasoning for the stay. The need for a stay in this case is predicated on the fact that this civil case seeks to adjudicate many of the same legal issues that will be adjudicated in Nourani's Criminal Matter, which creates a significant risk of inconsistent rulings. "**When civil proceedings are related to rulings that will likely be made in a pending or anticipated criminal trial, it is common practice for the court to stay the civil action until the criminal case or the likelihood of a criminal case is ended.**" Green v. Lizarraga, No. 22-CV-1175-DMS-MMP, 2023 WL 8255118, at 2 (S.D. Cal. Nov. 28, 2023), report and recommendation adopted as modified, No. 22-CV-1175-DMS-MMP, 2023 WL 8952099 (S.D. Cal. Dec. 28,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

3

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

2023) (internal citations omitted).

Plaintiff argues that a stay of this case will cause witness memories to fade however, Nourani's Criminal Matter and this civil case have the same witnesses as they arise out of one event. Thus, any witnesses who will testify in this case will undoubtedly testify in the Nourani Criminal Matter and thus, their testimony will be preserved. Courts have recognized that where a civil case and criminal case involve the same witnesses, "any prejudice to Plaintiff is minimal given that both proceedings involve the similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time." Hunt v. Diaz, No. 119CV00504DADSABPC, 2020 WL 8465095, at 3 (E.D. Cal. Oct. 30, 2020).

Plaintiff argues that the burden of this civil case is minimal because this civil case does not implicate Plaintiff or Defendant Deputy Barto's Fifth Amendment rights, but this misses the point. Allowing Plaintiff to continue this civil litigation would allow Plaintiff to conduct discovery into the County's criminal investigation of Nourani and discover documents or information that may not be discoverable in the Nourani Criminal Matter. Plaintiff does not deny in his Opposition that Nourani has already shared confidential information with him and there is no doubt he intends to share confidential information with Nourani, thereby allowing Nourani the benefit of civil discovery. There is also very significant risk of inconsistent judicial rulings where Nourani's Criminal Matter presents several overlapping legal issues with this civil case. For example, in the criminal trial, the Court will have to determine whether Deputy Barto had reasonable suspicion to detain Nourani and Dobbins. Conversely, in Plaintiff's Complaint, he alleges that Deputy Barto did not have reasonable suspicion to detain Dobbins and Nourani. See Dkt. 1 at ¶31; 34 ("Defendant BARTO did not have probable cause to arrest either of the two individuals and did not have reasonable suspicion to stop either of the two individuals.") This is one of many allegations made in Plaintiff's Complaint that will be determined during the Nourani Criminal Matter.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

4

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

While Plaintiff's Opposition argues that Nourani's Criminal Matter does not implicate the Constitutional issues in this case because Nourani is not being charged with Penal Code section 182 (conspiracy), this argument is irrelevant. Indeed, Plaintiff concedes that "Nourani is charged with a violation of Penal Code §187 (murder)…based on a theory that Nourani and Dobbins were co-conspirators in the attempted murder of Deputy Barto (i.e., felony murder rule)." See Opp. At Page 2. The parties agree that Nourani's criminal charges arise out of the same facts and circumstances as the fatal shooting of decedent Dobbins, and that Nourani is alleged to have committed a felony act with Dobbins against Deputy Barto. In deciding whether Nourani is guilty or not guilty of felony murder, assault on a peace officer, or attempted murder on a peace officer, the jury in the Nourani Criminal Matter must also decide key legal issues that are also at issue in this civil case. For example, if Nourani is convicted of Penal Code section 187 for the felony murder of Jennifer Dobbins, this would require a jury finding that Eric Nourani aided and abetted Jennifer Dobbins in an unlawful felony *or* conspiracy, caused the death of Jennifer Dobbins by reckless disregard for human life, **and that Deputy Barto was lawfully performing his duties as a peace officer at the time he shot Jennifer Dobbins**. See CalCrim Jury Instruction 540B. Indeed, the jury instructions for CalCrim Jury Instruction 540B specifically state as an element, "Officer was a peace officer lawfully performing (his/her) duties as a peace officer; and When the defendant acted, (he/she) knew, or reasonably should have known, that the officer was a peace officer performing his duties."

Additionally, in order for Nourani to be held criminally culpable for the killing of Dobbins where Deputy Barto discharged his firearm, the prosecution must prove that Deputy Barto's actions were a **reasonable** response to Dobbins' and Nourani's actions. See People v. Lee, 49 Cal. App. 5th 254, 264, 263 Cal. Rptr. 3d 19, 26 (2020) "[W]hen the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in *reasonable* response to that act, the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

5

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STAY THE CASE

perpetrator is guilty of murder. 'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.'" See also People v. Concha, 47 Cal. 4th 653, 662, 218 P.3d 660, 665 (2009) ("Thus, the victim's self-defensive killing or the police officer's killing in the performance of his duty cannot be considered an independent intervening cause for which the [criminal] defendant is not liable, for it is a *reasonable* response to the dilemma thrust upon the victim or the policeman by the intentional act of the defendant or his accomplice." (emphasis added).

If a jury finds that Deputy Barto's actions in shooting decedent Dobbins were *unreasonable*, then Nourani cannot be found guilty of Dobbins' murder. The reasonableness of Deputy Barto's actions is also implicated in this civil case where Plaintiff alleges that Deputy Barto used unreasonable force in violation of the Fourth Amendment. Brigham City, Utah v. Stuart, 547 U.S. 398, 403, 126 S. Ct. 1943, 1947, 164 L. Ed. 2d 650 (2006) ("…the ultimate touchstone of the Fourth Amendment is 'reasonableness'"). Thus, it is clear Nourani's Criminal Matter is necessarily implicated by this civil case where the same legal issues are at play. There is simply no logical or legal way that a jury could find Nourani guilty of the felony murder of decedent Dobbins and also find that Deputy Barto was acting unlawfully when he shot decedent Dobbins. Either Deputy Barto used valid and reasonable self-defense in shooting at decedent Dobbins, or he did not. If Deputy Barto did not use reasonable and legal self-defense in shooting at Dobbins, then Nourani cannot be guilty of her murder. Thus, without a stay of this civil case, there is significant risk of inconsistent rulings between the Nourani Criminal Matter and this civil matter.

Similarly, California Courts have repeatedly reiterated that in order to find a person guilty of felony murder they must find the person is the proximate cause of the killing. See People v. Briscoe, 92 Cal. App. 4th 568, 583–84, 112 Cal. Rptr. 2d

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

6

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

401, 413–14 (2001) ("The prosecutor must also establish that the defendant's conduct proximately caused the killing. Courts use traditional notions of concurrent and proximate cause in order to determine whether the killing was the result of the defendant's conduct. To be considered the proximate cause of the victim's death, the defendant's act must have been a substantial factor contributing to the result, rather than insignificant or merely theoretical.") Where Plaintiff has brought a claim for negligent wrongful death alleging that Deputy Barto is the proximate cause of Dobbins' death, the rulings and findings in Nourani's Criminal Matter are implicated in this civil case. Thus, a stay of this case until the completion of the Nourani Criminal Matter would solve numerous potential discovery issues and conserve judicial resources. Without a stay, there is a significant risk of inconsistent rulings.

Further, Plaintiff's argument that Defendants have not presented evidence of a conspiracy or Nourani's guilt and therefore the case should not be stayed is irrelevant. Whether Nourani is innocent or guilty of a crime is for a jury in Nourani's Criminal Matter to decide and Defendants need not present any evidence of Nourani's guilt for this case to be stayed.

Plaintiff further argues that the ruling in Cunningham supports not staying this civil action. Plaintiffs' citation to Cunningham v. Gates, 229 F.3d 1271 (9th Cir. 2000), as amended (Oct. 31, 2000) ignores that the essence of a Heck bar is a case specific analysis, in other words while the Ninth Circuit found that the circumstances in Cunningham did not bar plaintiffs' section 1983 complaint, that is not to say the same would apply here. Whether Plaintiff's claims would in fact be barred under Heck depends on what Nourani is convicted of, what jury instructions were given, etc. This determination cannot be made until the Nourani Criminal Matter is complete.

As Ninth Circuit held in Beets, what was decided after Cunningham, a conviction of police shooting victim's accomplice *can* Heck bar a § 1983 claim for

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4901-4761-4585 v1

7

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

excessive force asserted by the victim's parents. See Beets v. Cnty. of Los Angeles, 669 F.3d 1038 (9th Cir. 2012). Plaintiff places great emphasis on trying to prematurely argue that this civil case is not currently barred by Heck, but the point of the stay is that Plaintiff's claim *can* be barred pursuant to Heck if Nourani is convicted of a crime. Indeed, even the District Court in Cunningham stayed the civil case pending the completion of the criminal case. See 2:96-cv-02666-CBM-CT at Dkt. 20.

Plaintiff's attempt to differentiate Beets also misses the mark. Plaintiff argues that Deputy Barto can be found to have acted lawfully when Nourani was attacking him but unlawfully when he shot decedent Dobbins. This argument ignores the fact that **these things happened at the exact same time**. These are not different occurrences or different time frames; this is one event that all occurred simultaneously.

Plaintiffs' citation to Joseph v. City of San Jose, No. 19-CV-01294-LHK, 2020 WL 1031899, at 1 (N.D. Cal. Mar. 3, 2020) is also inapposite. In Joseph, plaintiff was cited for numerous municipal codes regarding property violations. Plaintiff Jospeh asserted that when officers cited him for the violation of such codes, they also unlawfully searched his property, damaging a wooden screen. Id. Plaintiff Joseph filed a complaint against the City of San Jose alleging numerous violations and seeking declaratory relief from the court that his property did not violate any municipal codes. Id. The Court agreed that all of plaintiff's claims, except for the Fourth Amendment Search claim, must be stayed where the claims implicated the ongoing municipal violations which plaintiff was being prosecuted for. Id. Only the Fourth Amendment search claim was not stayed because even if plaintiff was found to have violated all the municipal codes he was cited for, whether the officers had probable cause or a warrant to enter his home was a separate issue. Thus, the Court held that all claims except for plaintiff's Fourth Amendment seizure claim were stayed pending the resolution of his municipal code violations.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4901-4761-4585 v1

8

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO STAY THE CASE

<u>Joseph</u> is completely inapplicable to the present case. Here, Plaintiff Dobbins claims that Deputy Barto used excessive force against decedent Dobbins. The Riverside District Attorney has filed criminal charges against Nourani asserting that Deputy Barto acted lawfully and that Nourani is criminally liable for the felony murder of decedent Dobbins. All of Plaintiff's civil claims are therefore implicated in the Nourani Criminal Matter. If in fact Deputy Barto was acting unlawfully and outside the scope of his Constitutional authority as a peace officer, then Nourani cannot be criminally liable for the felony murder of Decedent Dobbins. Similarly, if Nourani is found guilty of assault of a peace officer or attempted murder or a peace officer, this would require a finding that Deputy Barto was acting lawfully at the time of the assault, which is the exact same time that Deputy Barto shot decedent Dobbins. Indeed, Nourani could argue at his trial that his attack on Deputy Barto was lawful in defense of decedent Dobbins. While Defendants do not believe the evidence would support such a theory, such an argument by Nourani would again require a jury finding that Deputy Barto was using reasonable force against Dobbins. Thus, a stay of this case until the completion of the Nourani Criminal Matter would prevent the risk of inconsistent judicial rulings.

## III. PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE, THE CASE SHOULD BE STAYED UNTIL ERIC NOURANI'S STATE CRIMINAL PROCEEDING HAS CONCLUDED

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the U.S. Supreme Court espoused a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances. <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982). Where certain factors are met, a federal court must abstain and allow the state court to adjudicate all claims, state and federal. <u>Younger</u> at 49-53. The underlying purpose of this abstention doctrine is to avoid unnecessary conflict between state and federal governments, and in matters of special interest to the states, to allow the states the

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

9

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

opportunity to adjudicate constitutional issues. <u>United States v. Morros</u>, 268 F.3d 695, 707 (9th Cir. 2001); <u>M&A Gabaee v. Community Redevelopment Agency of City of Los Angeles</u>, 419 F.3d 1036, 1040 (9th Cir. 2005). It is not a jurisdictional restraint but arises from "strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced". <u>Ohio Civil Rights Commission v. Dayton Christian Schools, Inc</u>., 477 U.S. 619, 626 (1986).

In civil cases, <u>Younger</u> abstention is appropriate only when state proceedings: (1) are ongoing, (2) involve state's interest in enforcing orders and judgments of its courts, (3) implicate important state interest, and (4) allow litigants to raise federal challenges. <u>ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund</u>, 754 F.3d 754, 759 (9th Cir. 2014) (internal citations omitted). If these four threshold elements are met, courts "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." <u>Id</u>. at 759.

Plaintiff's Opposition does not dispute that the Nourani Criminal Matter is ongoing and involves the state's interest. Plaintiff only argues that he cannot raise challenges in the Nourani Criminal Matter and that this civil case is not implicated in the Nourani Criminal Matter. While Plaintiff is not a party to the Nourani Criminal Matter, he is an alleged victim of the Penal Code section 187(a) charge for the felony murder of Jennifer Dobbins where Plaintiff John Dobbins is Jennifer Dobbins' surviving family. Plaintiff will have the opportunity to address his grievances as an alleged victim during the Nourani Criminal Matter. Moreover, a stay of this case will not prevent Plaintiff from addressing the issues raised in his Complaint via this civil action once the Nourani Criminal Matter is resolved.

Additionally, Plaintiff's federal complaint would interfere with the state proceedings by inserting the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

10

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

Thomas v. Melendez, 2016 WL 7116720, at 6 (E.D. Cal. Dec. 7, 2016). Allowing this federal action to continue before the criminal trial is resolved would necessarily require this Court to intrude upon the state court system, risking the danger of contradictory decisions, and may effectively enjoin the pending state court proceedings on Nourani's Criminal Matter. For example, as discussed above, in the criminal trial, the Court will have to determine whether Deputy Barto had reasonable suspicion to detain Nourani and Dobbins. Conversely, in Plaintiff's Complaint, he alleges that Deputy Barto did not have reasonable suspicion to detain Dobbins or Nourani. See Dkt. 1 at ¶31; 34 ("Defendant BARTO did not have probable cause to arrest either of the two individuals and did not have reasonable suspicion to stop either of the two individuals.") This is one of many allegations made in Plaintiff's Complaint that will be determined during the Nourani Criminal Matter. Plaintiff's federal complaint would interfere with the state proceedings by inserting the federal court into the ordinary course of state proceedings and, if permitted, would threaten the autonomy of the state court.

Plaintiff further argues that Defendants lack standing to bring this Motion because they assert only the District Attorney could seek a stay of this civil case. Plaintiff provides no legal authority for this claim, and such an assertion is contrary to case law where courts routinely stay cases pending a parallel criminal case without the District Attorney requesting them to do so. Additionally, Plaintiff asserts a stay in this case would create "dangerous precedent" but civil cases are routinely stayed where they implicate ongoing criminal proceedings, this is not a new or novel legal concept. See Green v. Lizarraga, No. 22-CV-1175-DMS-MMP, 2023 WL 8952099, at 3 (S.D. Cal. Dec. 28, 2023) (Granting motion to stay pending criminal case brought by correctional deputy defendants. "The Court **STAYS** all proceedings in this case through the conclusion of the criminal trial in *People v. Green*, No. JCF006108 or until February 2, 2024."); Bass v. San Bernardino Cnty. Sheriff's Dep't, No. EDCV191443JVSKK, 2020 WL 5260486, at *2 (C.D. Cal. July 20,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4901-4761-4585 v1

11

Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE

2020) (Same "This action is ordered STAYED pending the completion of the criminal proceedings against Plaintiff in the Superior Court of California, San Bernardino County, Case No. FSB19001352."); <u>Morales v. Cate</u>, No. C 11-05211 EJD (PR), 2012 WL 3249488, at *2 (N.D. Cal. Aug. 7, 2012) (Same. "Accordingly, Defendants' motion for stay is GRANTED. The instant federal action will be stayed until final judgment in the state court is rendered.")

### IV. **CONCLUSION**

For the forgoing reasons, Defendants respectfully request that this Court issue an Order staying this civil case until the completion of the Nourani Criminal Matter.

Dated: November 10, 2025            BURKE, WILLIAMS & SORENSEN, LLP


By:     /s/ Caylin W. Jones
    Nathan A. Oyster
    Caylin W. Jones
    Attorneys for Defendants
    COUNTY OF RIVERSIDE and JOHN BARTO

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4901-4761-4585 v1        12        Case No. 5:25-cv-01444-JGB-DTB
DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY THE CASE