UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1444 JGB (DTBx)** | Date | November 19, 2025 |
|---|---|---|---|
| Title | *John Dobbins v. County of Riverside, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Defendants' Motion to Stay (Dkt. No. 32); GRANTING Defendants' Request for Judicial Notice; and (2) VACATING the November 24, 2025 Hearing (IN CHAMBERS)

Before the Court is a motion to stay filed by Defendants County of Riverside (the "County") and John Barto ("Barto") (collectively, "Defendants"). ("Motion," Dkt. No. 25.) The Court finds the matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion and **VACATES** the November 24, 2025 hearing.

## I. BACKGROUND

**A. Procedural History**

On June 10, 2024, Plaintiff John Dobbins ("Plaintiff") filed this action against Defendants County of Riverside, John Barto, and Does 1-10. ("Complaint," Dkt. No. 1.) Plaintiff alleges eleven causes of action: (1) detention and arrest in violation of the Fourth Amendment (42 U.S.C. § 1983); (2) excessive force in violation of the Fourth Amendment (42 U.S.C. § 1983); (3) denial of medical care in violation of the Fourth Amendment (42 U.S.C. § 1983); (4) denial of familial relationship in violation of the Fourth Amendment (42 U.S.C. § 1983); (5) municipal liability for an unconstitutional custom, practice, or policy (42 U.S.C. § 1983); (6) municipal liability for failure to train (42 U.S.C. § 1983); (7) municipal liability for ratification (42 U.S.C. § 1983); (8) false arrest/imprisonment; (9) battery, (10) negligence, and (11) violation of the Bane Act. (See Complaint).

      On October 27, 2025, Defendants filed the Motion and a request for judicial notice. (Motion; "Request," Dkt. No. 26.) On November 3, 2025, Plaintiff filed an opposition. ("Opposition," Dkt. No. 27.) On November 10, 2025, Defendants replied. ("Reply," Dkt. No. 29.)

**B. Factual Summary**

      Plaintiff's action arises from defendant Deputy John Barto's shooting of Jennifer Dobbins ("Dobbins") on Tuesday, June 11, 2024. (Complaint ¶ 44.) Barto's use of deadly force resulted in the death of Jennifer Dobbins. (Id. ¶ 47.) During the early morning of June 11, 2024, Barto approached Dobbins, as well as another man whom Defendants identify as Eric Nourani ("Nourani"). (Id. ¶ 31; Motion at 1.) Nourani ran away and Dobbins followed. (Complaint ¶ 32.) Barto chased Nourani and Dobbins on foot. (Id. ¶ 34.) When Barto caught up to Nourani and Dobbins, Barto wrestled Nourani to the ground. (Id. ¶ 36.) Dobbins attempted to deescalate the situation. (Id. ¶ 37.) Barto then shot Dobbins. (Id. ¶ 44.) Dobbins' father, John Dobbins, brought this suit as a successor-in-interest. (Id. ¶ 48.)

      On June 13, 2024, the Riverside District Attorney's Office filed a criminal complaint against Eric Nourani in Riverside County Superior Court.[1] (Motion at 2; Request, Ex. 1.) The Riverside District Attorney's Office charged Mr. Nourani with: (1) murder in violation of Cal. Penal Code § 187(a) for the felony murder of Dobbins, (2) attempted murder of a peace officer in violation of Cal. Penal Code § 664(e)/Cal. Penal Code § 187(a), (3) mayhem in violation of Cal. Penal Code § 203, (4) resisting arrest in violation of Cal. Penal Code § 69; (5) and resisting arrest and causing serious injury to a peace officer in violation of Cal. Penal Code § 148.10. (Mot. at 2.; Request, Ex. 1).

## II.   LEGAL STANDARD

      While a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket," Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)), staying civil proceedings pending the outcome of parallel criminal proceedings is not required by the Constitution. Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) ("The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."); see also CFPB v. Glob. Fin.

---

[1] In support of the Motion, Defendants filed a request for judicial notice. (Request.) Defendants ask the court to take judicial notice of the criminal complaint against Eric Nourani and the criminal docket for Mr. Nourani's case. (Request at 2.) Plaintiff did not oppose the Request. Because the Court "may take notice of proceedings in other courts" the Court **GRANTS** the Request. U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir.1979)); see also Fed R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Support, Inc., 2019 WL 1937571, at *2 (S.D. Cal. May 1, 2019) ("Stays of parallel proceedings are an exception, not the rule."). When civil proceedings are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007).

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken v. Holder, 556 U.S. 418, 433–34 (2009). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Keating, 45 F.3d at 324 (brackets in original) (quoting SEC v. Dresser Indus., 628 F.2d 1368, 1374 (D.C. Cir. 1980)). "[I]n light of the particular circumstances and competing interests involved in the case", district courts may stay civil proceedings "when the interests of justice seem [ ] to require such action." Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989) and Dresser, 628 F.2d at 1375). District courts principally evaluate whether the criminal defendant's Fifth Amendment rights would be burdened in addition to the following Keating factors:[2]

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 325.

Furthermore, "stays should not be indefinite in nature." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007); Leyva v. Certified Grocers of California, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). "If a stay is especially long or its term is indefinite, a greater showing is required to justify it." Hunt v. Diaz, 2020 WL 8465095, at *2 (E.D. Cal. Oct. 30, 2020) (citing Yong v. INS, 208 F.3d 1116, 1119 (9th Cir. 2000)). The court "balance[s] the length of the stay against the strength of the justification given for it." Yong, 208 F.3d at 1119.

The Younger line of cases also "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Therefore,

---

[2] In Thissel v. Murphy, 2017 WL 6945402, at *2 (N.D. Cal. Apr. 4, 2017), Judge Richard Seeborg noted that the Keating factors provide "an awkward fit" where the criminal defendant is not also the civil defendant, as was the case in Keating, but that the factors still provide a helpful guide for district courts in exercising their discretion to stay.

"the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger v. Harris, 401 U.S. 37, 45 (1971). A court should abstain from deciding a case when: "(1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims. Wiener v. Cnty. of San Diego, 23 F.3d 263, 266 (9th Cir. 1994). If all three conditions are met, then a federal court must dismiss the action. Id.

### III.  DISCUSSION

#### A. Keating Factors

After considering each Keating factor below, the Court determines that a stay is not warranted.

##### 1. The Extent to Which Fifth Amendment Interests are Implicated

Defendants do not argue that this factor weighs in favor of granting a stay. (See Motion; Reply.) Plaintiff argues that the instant case would not interfere with Nourani's Fifth Amendment rights. (Opp. at 11.) Accordingly, this favor weighs against a stay.

##### 2. Plaintiff's Interest in Proceeding Expeditiously

The second Keating factor asks courts to weigh a plaintiff's interest in proceeding expeditiously and the potential prejudice to a plaintiff if a stay is issued. Keating, 45 F.3d at 325. Like all civil plaintiffs, Plaintiff "has an interest in having [his] case resolved quickly." ESG Capital Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014).

Defendants respond that any prejudice would be minimal because "both proceedings involve the similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time." (Mot. at 4 (citing Hunt v. Diaz, No. 1:19-CV-00504-DAD-SAB-PC, 2020 WL 8465095, at *3 (E.D. Cal. Oct. 30, 2020)).) However, considerable case law supports that a stay would increase the risk of prejudice to Plaintiff because it could result in the loss of evidence. See, e.g., Clinton v. Jones, 520 U.S. 681, 707-708 (1997) (finding that delay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"); Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (holding that unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale"); Sw. Marine, Inc. v. Triple a Mach. Shop, Inc., 720 F. Supp. 805, 809 (N.D. Cal. 1989) (noting that as civil cases are delayed, "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end"); Vargas, 2019 WL 6655269, at *3 (finding that delay "inherently increase[s] the risk that witnesses' memories will fade and evidence will become stale"). Accordingly, the Court finds that the second Keating factor weighs against a stay.

### 3. Burden on Defendants

Next, the Court considers the burden on Defendants in the absence of a stay. Keating, 45 F.3d at 325. Defendants argue that discovery in the instant case would "allow Plaintiff to conduct discovery into the County's criminal investigation of Nourani and discover items of information that may not be discoverable in the Nourani litigation." (Mot. at 4.) Defendants also express concern that Plaintiff may share discovery materials with Mr. Nourani given that Mr. Nourani's counsel has already shared materials with Plaintiff despite a protective order in place in Mr. Nourani's criminal case. (Id.) The Court is not convinced that these concerns weigh in favor of granting a stay. These matters are better addressed during the discovery process with the protections offered by the Federal Rules of Civil Procedure. Accordingly, the Court finds that the third Keating factor weights against a stay.

### 4. Convenience of the Court and Efficient Use of Judicial Resources

The fourth Keating factor assesses whether a stay would be convenient to the Court and help conserve judicial resources. Keating, 45 F.3d at 325. "Courts have recognized that th[e fourth] Keating factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.'" Stratos, 22 F. Supp. 3d at 1047 (quoting Molinaro, 889 F.2d at 903); see also Gen. Elec. Co. v. Liang, 2014 WL 1089264, at *6 (C.D. Cal. Mar. 19, 2014) ("[T]his factor typically weighs against the granting of a stay."). Here, delaying this matter with a prolonged stay would impair the Court's ability to manage its docket. The potential discovery disputes Defendants allude to are speculative. (Mot. at 4.) Potentially overlapping legal issues also do not warrant granting a stay. (Mot. at 5.) Accordingly, the Court finds that the fourth Keating factor weighs against a stay.

### 5. Interests of Non-Parties and the Public

The fifth and sixth Keating factors are the interests of non-parties and the public in obtaining a stay. Keating, 45 F.3d at 325. Defendants argue that "the public has a strong interest in allowing criminal prosecution of Eric Nourani to proceed without interference from this civil case." (Mot. at 5.) However, the public also has an interest in the quick disposition of civil cases like this one. Perez v. Cnty. of Los Angeles, No. 15-cv-09585-SJO-FFM, 2016 WL 10576622, at *4 (C.D. Cal. May 3, 2016). Accordingly, the Court finds that the fifth and sixth Keating factors weigh against a stay.

### 6. Heck Bar

Defendants also urge the Court to grant the stay because Nourani's conviction may serve as a bar to Plaintiff's claims. (Mot. at 5-6.) The Court finds this argument unavailing. First, Nourani is not a party to this case. Second, this case concerns itself with Defendant Barto's conduct, not Nourani's conduct. Third, Deputy Barto may have acted lawfully such as to make Nourani criminally culpable, yet acted unconstitutionally towards Jennifer Dobbins. Fourth, Beets v. Cnty of Los Angeles, to which Defendants cite, concerns whether a Heck bar applies to a

case, not whether a stay in the case should be granted. (Mot. at 5 (citing Beets v. Cnty. of Los Angeles, 669 F.3d 1038, 1046 (9th Cir. 2012). Fifth, the Ninth Circuit has disapproved of the strict Heck bar expounded in Beets because "a guilty verdict does *not* necessarily 'determine[ ] the lawfulness of the officers' actions' throughout the entire encounter." Lemos v. Cnty. of Sonoma, 40 F.4th 1002, 1008 (9th Cir. 2022) (en banc) (citing Smith v. City of Hemet, 394 F.3d 689, 699 n.5 (9th Cir. 2005)). As a result, the Court declines to grant a stay on this basis.

In sum, all the Keating factors as well as Defendants' additional factor counsel against the issuance of a stay. Accordingly, the Court **DENIES** the Motion.

### B. Younger Factors

Defendants additionally argue that a stay is warranted under the Younger abstention doctrine. (Mot. at 7.) However, if a court were to find that Younger abstention is warranted, then the court must dismiss the case. World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987). Defendants cite to no authority that a stay can be granted under Younger. Because Defendants do not request dismissal, the Court declines to consider whether the Younger factors warrant dismissal.

### IV.   CONCLUSION

For the reasons above, the Court **DENIES** the Motion and **VACATES** the November 24, 2025 hearing.

**IT IS SO ORDERED.**